LUMBERG *v.* COMMONWEALTH BANK.

1. GIFTS—INTER VIVOS—NO RECALL BY DONOR.
    A gift *inter vivos* must be fully consummated during the lifetime of the donor and vest ownership in the donee beyond the power of recall by the donor.

2. SAME—CAUSA MORTIS—TITLE.
    A gift *causa mortis* does not vest absolute title in the donee *in praesenti* but remains subject to recall by the donor, whether so specified or not, and rights thereto remain changeable during the lifetime of the donor.

3. SAME—CAUSA MORTIS—DELIVERY TO THIRD PARTY WITH INSTRUCTIONS.
    While a gift *causa mortis* must be delivered to or for the donee to vest title at the death of the donor, the subject of the gift need not be in the hands of the donee but it is sufficient delivery if placed in the hands of a third party by the donor, with written instructions from which the third party may not depart and which donor does not change.

4. SAME—CASHIER'S CHECK—DELIVERY TO BANK WITH INSTRUCTIONS.
    Bank which issued cashier's check, representing amount of proceeds of savings account of depositor to depositor's sister and retained check pursuant to instructions of depositor, then suffering the last stages of tuberculosis, that it be forwarded to sister, a resident of a foreign country, which instructions were never changed by depositor, was obligated to deliver check to sister upon death of depositor.

5. SAME—ACCEPTANCE PRESUMED WHERE GIFT IS BENEFICIAL.
    Acceptance of a gift *causa mortis* which is beneficial to donee and imposes no burdens upon him is presumed as a matter of law, it being sufficient if he avail himself of the gift when known to him, even subsequent to decease of the donor.

6. SAME—CAUSA MORTIS—SUBSEQUENT WILL—REVOCATION.
    Where bank retained cashier's check under instructions to deliver it to depositor's sister in event of depositor's death, there was sufficient delivery under the circumstances and acceptance by the donee so that will, executed between deposit of check and death of depositor, did not revoke the gift.

Appeal from Wayne; Webster (Arthur), J. Submitted October 17, 1940. (Docket No. 101, Calendar No. 41,299.) Decided December 10, 1940.

Assumpsit by Sol Lumberg, executor of the estate of Michal Kubicki, against Commonwealth Bank for the amount of a draft purchased by deceased and left with the bank with instructions. Heliodor Sztark, Consul General of the Republic of Poland, for and in behalf of Marya Kubicka, intervened as a party defendant, and filed cross declaration against defendant to recover amount of draft. Judgment for defendant consul. Plaintiff appeals. Affirmed.

*Frederic T. Harward,* for plaintiff.

*Con S. Gryczka* and *Nicholas S. Gronkowski,* for intervenor.

WIEST, J. Michal Kubicki had a savings account, amounting to $1,334.28, in the Commonwealth Bank in Detroit. He was seriously ill, his death was imminent and, sensing this, on June 12, 1939, he visited the bank and had the bank issue its cashier's check for the full amount of his account, payable to Marya Kubicka, his sister, who resided in Poland. The bank issued the check as requested and this closed his account at the bank. Mr. Kubicki directed the bank to hold the check for his sister and the bank did so under the following written direction:

"In the event of my death, please forward cashier's check numbered 62970 in the amount of $1,334.28 to my sister, Marya Kubicka, whose address is:

> Marya Kubicka,
> Wies: Kwasow
> Poczta: Pacanow
> Powiat: Stopnica
> Woj.: Kielecke
> Poland.

> Yours very truly,
> MICHAL KUBICKI."

Mr. Kubicki never recalled the gift or gave the bank any other or further direction and the bank still holds the check. June 13, 1939, Mr. Kubicki entered a hospital in the city of Detroit and remained under hospitalization until his death, June 30, 1939. At the hospital, on June 27, 1939, he executed a will in which he devised and bequeathed his entire estate to Antoinette Lubienski.

The will was admitted to probate and plaintiff herein appointed executor of the estate. This action was brought by the executor against the bank to recover the money represented by the cashier's check on the ground that the money belonged to the estate. Marya Kubicka was impleaded as a party defendant through the Consul General of the Republic of Poland.

Upon trial of the issue of right to the bank account the circuit judge held there was a valid gift *causa mortis* to Marya Kubicka and plaintiff could not recover. Review here is by the executor and the pivotal question is whether there was a valid gift *causa mortis*.

The distinction between a gift *inter vivos* and a gift *causa mortis* should be kept in mind.

A gift *inter vivos* must be fully consummated during the lifetime of the donor and vest ownership in the donee beyond the power of recall by the donor. A gift *causa mortis* does not vest absolute title in the donee *in praesenti* but remains subject to recall by the donor, whether so specified or not, and rights thereto remain changeable during the lifetime of the donor. While it is true that a gift *causa mortis* must be delivered to or for the donee to vest title at the death of the donor this does not mean the subject of the gift must be in the hands of the donee, but it is sufficient delivery if placed in the hands of a third party by the donor, with written instructions from which the third party may not depart and which the donor does not change.

In the instance at bar the donor was suffering the last stages of tuberculosis, was aware that his time was limited, the object of his bounty was in a foreign country and it was impossible to place the cashier's check in her hands, and he did the only thing possible to establish his fixed purpose by placing the check with the bank for his sister. He never changed his purpose and by his own act he segregated the money represented by the cashier's check and the bank assumed liability directly to his sister. Under the evidence of his intention in making the gift and his acts in perfecting the same, undisturbed by subsequent change, the bank held the gift for the donee and now, the donor being deceased, is obligated to deliver the check to the sister.

The subsequent will did not revoke the gift *causa mortis*. 24 Am. Jur. p. 762; *Moore* v. *Shifflett*, 187 Ky. 7 (216 S. W. 614); *Emery* v. *Clough*, 63 N. H. 552 (4 Atl. 796, 56 Am. Rep. 543).

"Where a gift *causa mortis* is beneficial to the donee and imposes no burdens upon him, acceptance by him is presumed as a matter of law, it being sufficient if he avails himself of the gift when it becomes known to him, even subsequent to the decease of the donor." 24 Am. Jur. p. 753.

What we have said carries out the declared intention of Mr. Kubicki.

Under the evidence there was a valid gift *causa mortis*, sufficient delivery under the circumstances, and acceptance by the donee.

The decree in the circuit court is affirmed, with costs to the impleaded defendant, Marya Kubicka.

Bushnell, C. J., and Sharpe, Boyles, Chandler, North, McAllister, and Butzel, JJ., concurred.