## BISSELL *v.* NERRETER.

1. WILLS—DEATH OF CONTINGENT LEGATEE BEFORE TESTATOR.

   Where sister of testator who was made contingent legatee and devisee under will predeceased testator and other contingent legatees and devisees and left no issue surviving her, and no claim was made under will in her behalf, no heir at law claiming under her has an interest in proceeding to construe will and for specific performance of agreement to settle will contest.

2. SAME—LEGATEE AND DEVISEE AS WITNESS.

Legatee and devisee named in will who signed it as a witness took nothing thereunder where there were not two other competent subscribing witnesses (Act No. 288, chap. 2, § 7, Pub. Acts 1939).

3. SPECIFIC PERFORMANCE—SETTLEMENT OF WILL CONTEST.

Specific performance under cross bill against devisee under will and testator's sole heir at law for conveyance of a portion of the estate to cross plaintiff may not be decreed where agreement between the parties compromising and settling unsuccessful will contest had not been consummated by acceptance by the sole heir at law (Act No. 288, chap. 2, §§ 45, 46, Pub. Acts 1939).

4. WILLS—CONVEYANCE BY DEVISEE TO SOLE HEIR AT LAW.

A devisee of realty and personalty under a will may convey his interest in the estate to testator's sole heir at law.

5. SAME—SETTLEMENT OF CONTEST—ACCEPTANCE—ESTOPPEL.

Testator's sole heir at law who had declined to enter into a proposed agreement to settle unsuccessful will contest that devisee under the will convey a portion of the estate to defendant who was not entitled to take under the will, and devisee's interest was subsequently transferred to heir, was not estopped from denying such agreement of which defendant sought specific performance (Act No. 288, chap. 2, §§ 45, 46, Pub. Acts 1939).

Appeal from Saginaw; O'Neill (James E.), J. Submitted October 6, 1942. (Docket No. 13, Calendar No. 42,062.) Decided January 4, 1943.

Bill by Clara Nerreter Bissell against Ferris and George Nerreter to construe a will. Cross bill by George Nerreter against Clara Nerreter Bissell and Ferris Nerreter for specific performance of an alleged contract to divide property covered by the will, for an accounting and other relief. From decree dismissing cross bill, cross plaintiff appeals. Affirmed.

*Robert J. Curry*, for plaintiff.

*Weadock & Weadock,* for defendant Ferris Ner-
reter.

*Ralph S. Moore,* for defendant and cross plaintiff
George Nerreter.

BOYLES, C. J.   This proceeding was started as a
bill in chancery to construe a will and developed into
a different issue under a cross bill filed by one of
the defendants.   The circuit judge denied the relief
sought by George Nerreter on his cross bill, and
from that part of the decree dismissing his cross
bill George Nerreter appeals.   The facts are: Leon-
ard Nerreter, the testator in the will, died July 30,
1938.   His will was duly proven and admitted to
probate in the probate court for the county of Sagi-
naw, and an appeal from the order of the probate
court taken to the circuit court.   During the course
of this contest on the will, certain occurrences took
place on account of which George Nerreter by cross
bill claims an interest in the estate of the testator.
In the circuit court, on the appeal from the order of
the probate court allowing the will to probate, the
will was again sustained and the case remanded to
the probate court for further administration under
the will.   An administrator with will annexed was
appointed, and the estate is in course of adminis-
tration.   The case now before us is on the bill of
complaint filed in circuit court to construe the will,
and the cross bill filed therein by George Nerreter.
The will under consideration is as follows:

Bridgeport, Mich. July 10, '35.
"Know all men by these presents
"To whom it may concern.   My last will and
testament.   I Leonard Nerreter am in my right
state of mind, and unprejudiced or influenced.
"1st   I bequeath all my real estate & Personal

prop to Ferris Nerreter   George Nerreter   Lucy
N. Graham or survivor

"2nd   I bequeath all money in banks & cash
on hand to Lucy N. Graham   George Nerreter.
The survivor to pay my funeral expenses and a
suitable marker on my grave & maintenance of same

"3rd   Ferris Nerreter my nephew to fulfill Para-
graph 2 should he survive my Bro and Sister

"4th   It is my request to release the mortgage
or lean on my Bro George Nerreter farm in Spauld-
ing township Saginaw co formerly known as Ner-
reter Bros Farm.

"5th   I bequeath $1 to my daughter Clara Ner-
reter Bissell

"6   I bequeath $1 to my brother Will Nerreter
                              "Leonard Nerreter."

"x Lila Stansell
"x George Nerreter   Witness

Lucy N. Graham, sister of the testator, prede-
ceased him, leaving no issue surviving her. Under
these circumstances, no claim is made on her be-
half and neither Lucy N. Graham nor any heir-
at-law claiming under her has any interest in the
proceeding. Clara Nerreter Bissell, the plaintiff
herein, to whom the testator bequeathed $1 (5th
paragraph), is his only surviving child. George
Nerreter, a brother of the testator (defendant,
cross plaintiff and appellant herein), survived the
testator. Ferris Nerreter, a nephew of the testator,
also named in the will, likewise survived the testa-
tor.

So far as the rights of George Nerreter *under
the will* are concerned, it is conceded by him that
he takes nothing by virtue of the will itself. He
made the fatal mistake of becoming a witness to
the will in which he was named as a legatee and de-
visee, and concedes that he is for that reason re-
moved from taking anything *under the will* by
reason of the statute (3 Comp. Laws 1929, § 13484

[Stat. Ann. § 26.1067] [now Act No. 288, chap. 2, § 7, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–2 [7], Stat. Ann. 1942 Cum. Supp. § 27.3178 [77])]), there not being two other competent subscribing witnesses to the will. However, as will be pointed out, George Nerreter under his cross bill claims that an agreement was entered into while the will contest was pending by virtue of which he asserts a right to an interest in the estate.

Clara Nerreter Bissell, in her bill of complaint, claimed that doubts had arisen and uncertainty existed as to whether the real estate and personal property devised and bequeathed in the first paragraph of the will became the sole property of Ferris Nerreter, by reason of the exclusion of George Nerreter and the death of Lucy N. Graham. She claimed she became the owner of an undivided one-half interest of the testator's property and estate as his sole heir-at-law. She also claimed that the money in banks and cash on hand referred to in the second paragraph of the will became her property as such heir-at-law for the same reason. Ferris Nerreter, answering the bill of complaint, denied that Clara Nerreter Bissell was entitled to any part of the estate under either paragraph 1 or paragraph 2, and claimed that he was entitled to all of the estate except the $2 bequeathed under paragraphs 5 and 6 concerning which no question is raised. However, at some time during the pendency of this litigation, Ferris Nerreter transferred and conveyed to the plaintiff herein, Clara Nerreter Bissell, whatever share or interest he might have in the real estate and personal property of the testator. The circuit judge in the instant proceeding, therefore, found:

"Inasmuch as there now seems to be no conflicting claim as between Ferris Nerreter and the plain-

tiff herein, all questions as to their relationship so far as this estate is concerned are moot and will not be passed upon by the court.''

In its decree the circuit court gave Clara Nerreter Bissell the entire estate, excluding Ferris Nerreter from further right or participation, from which decree he has not appealed. There is no need for any further consideration of the rights of Ferris Nerreter, and this appeal now resolves into a consideration of the rights claimed by George Nerreter under his cross bill of complaint.

George Nerreter claims that a compromise settlement was entered into while the will contest was pending under which it was agreed that Ferris Nerreter should transfer and convey to him one-third of the estate, and in his cross bill asks for specific performance of an alleged promise by Ferris Nerreter to that effect. He claims that Clara Nerreter Bissell had full knowledge of this agreement and is bound by it. In answering his cross bill, Clara Nerreter Bissell and Ferris Nerreter both deny that either of them ever entered into any such compromise settlement with George Nerreter, and deny that George Nerreter has any right to any interest in the estate.

The issue thus joined is plainly a question of fact—was there any such agreement? The circuit judge found as follows:

''During the pendency of this litigation certain negotiations were carried on between the attorneys for Ferris Nerreter and the attorney for George Nerreter and it is alleged that the attorney for plaintiff herein also participated in the negotiations and it is the claim of George Nerreter that these negotiations resulted in an agreement or contract of settlement wherein he, George Nerreter, was to receive one third of the Leonard Nerreter estate.
* * *

"With regard to the alleged agreement or contract of settlement, this court is of the opinion that George Nerreter supplied no consideration for such a contract; that the minds of the parties had never come to a meeting and that, consequently, no contract or agreement could have resulted and that if such an agreement did result, it could not be enforced because it was not in writing in compliance with the statute of frauds."*

That provision of the decree entered thereon from which George Nerreter appeals is as follows:

"4.    That no agreement or contract of settlement, such as alleged in the cross bill of complaint, was entered into between the plaintiff, Clara Nerreter Bissell, and the defendants, Ferris Nerreter and George Nerreter; that the defendant, George Nerreter, supplied no consideration for such an agreement or contract; that the minds of said parties never came to a meeting upon any such agreement or contract of settlement, and that, if such an agreement or contract had been made, it rested in parol and was within the statute of frauds and was not enforceable because it was not in writing and signed by the parties to be charged or their duly-authorized agents."

To sustain his claim of such an agreement, George Nerreter relies upon the following facts and circumstances:    The will was originally admitted to probate on July 25, 1939.    On August 14, 1939, Clara Nerreter Bissell filed notice of appeal to the circuit court where it was pending until March 11, 1940, when the circuit court affirmed the order of the probate court admitting the will and the cause was remanded to the probate court for further proceedings.    Pending this will contest there was considerable correspondence and negoti-

---

* See 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).—RE-PORTER.

ations between the attorney for Clara Nerreter Bissell, the attorneys for Ferris Nerreter, and the attorney for George Nerreter. On March 8, 1939, while the contest was pending in the probate court and before the will was admitted by that court, the attorneys for Ferris Nerreter wrote the attorney for George Nerreter offering to co-operate in sustaining the will, although stating that George Nerreter would not take under the will even if it was established. This letter stated:

"I know our client will be glad to co-operate with your client in the defense of this will. As I understand it, your client would not take under the will even if it is established, as he is mentioned in it, but my understanding is that Mr. Ferris Nerreter is ready to work out any reasonable settlement and would be inclined to deal fairly with your client, if, as and when the will is allowed."

To this, on March 9th, the attorney for George Nerreter replied:

"There seems to be no question that my client would not take under the will, even if it is established. I note that your client is ready to work out any reasonable settlement and would be inclined to deal fairly with my client, if the will is allowed.

"There is no question in my mind that this will is valid as to your client, and my client and myself are willing to fully co-operate with you in the matter."

On March 10th, the attorneys for Ferris Nerreter replied to the attorney for George Nerreter as follows:

"You may rely on our co-operation with you and we want you to know that we appreciate your offer of co-operation with us.

"As I see it, the main thing is for us to establish the will and then I feel satisfied your client and

mine will be able to come to a satisfactory agreement about the division of the winnings.''

Immediately thereafter the attorney for George Nerreter wired the attorneys for Ferris Nerreter advising of the date set by the probate court for hearing on the petition to admit the will to probate. On March 20th, all of the attorneys met and the attorneys for Ferris Nerreter suggested that the estate be divided one-third to Clara Nerreter Bissell, one-third to Ferris, and one-third to George. It was agreed that such a proposition should not be submitted to Clara Nerreter Bissell until it had been first submitted to Ferris and George Nerreter and their consent obtained to submit it as a proposition to Clara Nerreter Bissell. Thereupon, the testimony of the subscribing witnesses was taken in the probate court, and the hearing adjourned. Apparently the consent of Ferris and George was obtained for submitting this proposition to the attorney for Clara Nerreter Bissell and he was so advised. There was some further correspondence between the attorneys for Ferris and the attorney for George, referring to the drafting of a property settlement agreement, on the assumption that the proposition had been accepted by Clara Nerreter Bissell. However, not later than July 13, 1939, the attorneys for Ferris and George were advised that Clara Nerreter Bissell declined to agree to the proposed property settlement, and by consent the hearing in probate court on the petition to admit the will to probate was set for July 25, 1939, and they were advised to that effect. On that day the probate court entered an order admitting the will to probate, from which Clara Nerreter Bissell took an appeal to the circuit court. While the contest was pending in the circuit court, on February 21, 1940, Ferris Nerreter sold, transferred and conveyed to Clara Nerreter

Bissell all of his interest in both the real estate and personal property of the estate. So far as the record before us discloses, no further contest was made in the circuit court and on March 11, 1940, the court entered an order admitting the will and remanding the proceedings.

We agree that no such agreement had been consummated as now claimed by George Nerreter and upon which he must rely for relief, if any, under his cross bill. Under the statute (3 Comp. Laws 1929, § 15581 [Stat. Ann. § 27.2691] [now Act No. 288, chap. 2, § 45, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–2 [45], Stat. Ann. 1942 Cum. Supp. § 27.3178 [115])]), it would have been a simple matter for him to have filed* such an agreement, if consummated, in the probate court and thereafter the estate would have to be administered and distributed in accordance with the agreement. This was not done, for the obvious reason that no such agreement had been made. Clara Nerreter Bissell never accepted the proposition or agreed to a settlement. The most that can be claimed is that her attorney said he thought his client would accept. He merely advised the other attorneys that he would recommend it and expected she would take his advice. This falls short of establishing a consummated agreement. There is no claim or proof of conspiracy between Clara Nerreter Bissell and Ferris Nerreter to defraud George Nerreter out of any rights in the estate nor could such a claim be successfully advanced, because George Nerreter had no rights to lose. Ferris Nerreter conveyed his interest — part of which was real estate — to Clara Nerreter Bissell, as he had a right to do.

---

* See, also, Act No. 288, chap. 2, § 46, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–2[46], Stat. Ann. 1942 Cum. Supp. § 27.3178[116]).—Reporter.

We find that George Nerreter has failed to establish the agreement, and for that reason his cross bill was properly dismissed. It becomes unnecessary to consider whether such an agreement, if it had been proven, would be void for lack of consideration, or unenforceable because it was not in writing in compliance with the statute of frauds. Clara Nerreter Bissell promptly declined to enter into the proposed agreement and under these circumstances there is no merit in the claim now advanced by appellant that she is estopped from denying the agreement.

Decree is affirmed with costs to plaintiff-appellee.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.