Originally the Pere Marquette Railroad Company was the defendant in this case, but its successor, the Chesapeake Ohio Railway Company, has been substituted as defendant. The suit is to recover damages resulting from a collision of one of defendant's trains and a truck and trailer owned by a party who was insured by plaintiff. The truck at the time was being operated by the owner's employee. Plaintiff sued under a subrogation agreement entered into between it and the insured. In the circuit court plaintiff had judgment for $1,533. Defendant has appealed. *Page 470 
On January 3, 1945, Rolland K. Lorenz, the insured, a duly licensed common carrier, was using his truck and trailer in transporting a lathe, weighing approximately 8,150 pounds, eastward on East Kalamazoo street, in the city of Lansing, Michigan. It had been snowing earlier in the day and the pavement was somewhat icy at the point of accident. When the truck started up a rather steep grade just east of defendant's tracks it stalled due to the drive wheels slipping on the ice. At that point the rear overhang of the trailer projected towards the railway tracks into that area which would be occupied by a locomotive or freight car in passing over the intersection. Shortly after the truck became stalled, the bell and flasher light system guarding the crossing began to operate, and defendant's train came into view around a curve to the north, some 457 feet from the crossing. The train continued to move at a slow rate of speed in a southerly direction, struck the trailer, and then came to a stop with the locomotive standing 75 to 100 feet south of the crossing. The lathe, which was insured by plaintiff, was thrown from the trailer and seriously damaged.
The primary issue on this appeal is whether or not there has been shown negligence on the part of the defendant which would be deemed the proximate cause of the accident; or, as stated in plaintiff's brief, whether defendant's answer to paragraph 6 of plaintiff's declaration was an admission of such negligence. Notwithstanding the determination of the trial court to the contrary, after careful review of this record, we are brought to the conclusion that plaintiff failed in its burden of proof to establish sufficient facts or circumstances from which negligence on the part of defendant or its employees can be inferred. Nor do we find that defendant's answer to paragraph 6 of plaintiff's declaration is or was an admission by defendant that its employees *Page 471 
operating the locomotive failed to keep a proper lookout. The following facts and circumstances are deemed controlling in arriving at such decision.
Paragraph 7 of plaintiff's declaration contains the only definite allegation of negligence on the part of defendant, or its employees. This paragraph reads as follows:
"Defendant's negligence consisted in not maintaining a proper lookout for such persons, vehicles or cargoes as might be endangered by further progress of said train."
Thus it appears that the specific act of negligence alleged by plaintiff is failure on the part of defendant's employees to keep a proper lookout. The rules of evidence require that the plaintiff produce testimony to prove the specific act of negligence which is pleaded. See Mynning v. Railroad Co.,59 Mich. 257, where we said: "Negligence is not to be presumed, but must be affirmatively proven by the party alleging it, and in the manner alleged in the declaration in the case." But the record in this case does not contain any testimony which in any way would tend to show that defendant's engine crew was not keeping a lookout, or that these employees were not exercising due care. No testimony was offered by defendant, and that offered by plaintiff merely shows that the train struck the trailer and did not stop until the locomotive had passed over the intersection. No testimony was given as to the exact rate of speed of the train, but the parties agree that it "was proceeding slowly." There was no testimony as to the point at which the engineer or fireman became aware that the trailer was in a position of danger, or when the brakes were first applied, or within what distance the train in the exercise of reasonable care, going at the rate it was moving, could have been stopped.
Instead, plaintiff seems to have relied upon the *Page 472 
fact that since there was an accident and resulting damage an inference of negligence arises. Such is not the law of this State. Robinson v. Charles Wright Co., 94 Mich. 283;Renders v. Railroad Co., 144 Mich. 387; Fuller v. WurzburgDry Goods Co., 192 Mich. 447. In the Renders Case, the Court said:
"It is the settled rule in this State that negligence cannot be presumed, that the mere fact of an accident is not sufficient to impose a liability for negligence."
Plaintiff has called special attention to Grimes v. King,311 Mich. 399. That case is not in point because decision by a majority of the justices turned upon testimony found to justify the trial court's holding that the defendant-owner of a building, a portion of which fell into the street and killed plaintiff's decedent, was guilty of actionable negligence in that he failed "to use reasonable care and skill in constructing and maintaining it and inspect it from time to time." In the cited case it was held there was testimony from which it might be reasonably concluded that the defendant was negligent. But the instant case is barren of such testimony.
Since the record does not disclose facts or circumstances which warrant an inference of negligence on the part of defendant, and since the law of this State will not permit negligence to be presumed from the mere happening of an accident and resulting injury, the plaintiff herein is not entitled to recover, unless it can be said that defendant's answer to paragraph 6 of plaintiff's declaration is an admission of negligence. We are of the opinion that defendant's pleading contains no such admission. The language used by plaintiff in paragraph 6 of the declaration is not too clear and may have been somewhat misleading to defendant in framing its answer thereto. Paragraph 6 of the declaration states: "Said train *Page 473 
was a short freight train," that it "was proceeding slowly," and that it could have been stopped without damage to the trailer or to the lathe being transported, and then adds: "had defendant's employees operating said train been observing the traffic conditions at said Kalamazoo street crossing." In its answer defendant denies that it was a short train and states it consisted of "a locomotive, tank and 16 cars," admits it was traveling slowly, but denies it could have been stopped "in the distance between the first observation of the obstruction on the track as it rounded the curve," and this paragraph of defendant's answer further alleges it "relied upon the safety signals (the bell and flasher light which were operating) giving such warning to operators of motor vehicles upon Kalamazoo street that they would not encroach upon the track with the knowledge of the approaching train." We are unable to agree with the circuit judge, before whom the case was tried without a jury, in his holding that defendant in its answer made an admission of negligence.
In view of our holding above it is unnecessary to discuss the issue of contributory negligence on the part of the operator of the truck and trailer. Our conclusion is that the judgment entered in the circuit court must be reversed and a judgment entered in favor of defendant, with costs of both courts against plaintiff. It is so ordered.
BUSHNELL, C.J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred. *Page 474