TARNOWSKI *v.* FITE.

1. APPEAL AND ERROR—LIABILITY—FINDINGS OF FACT—EVIDENCE.

It is assumed that trial judge's conclusions as to liability were based on the testimony where he tried action at law without a jury but made no specific findings of fact (Court Rule No 37, § 11[b] [1945]).

2. AUTOMOBILES — TAXICABS — PASSENGERS — CONTRIBUTORY NEGLIGENCE—PERMITTING CHILD TO STAND IN MOVING TAXICAB.

Defendant taxicab owner's claim that plaintiff passenger was guilty of contributory negligence *held,* supported by testimony, where it appears she exposed herself to danger in a reasonable effort to save her 2-year-old niece from harm as the taxicab was brought to a sudden stop, and it appears plaintiff permitted the child to stand up out of reach in a moving taxicab.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 8, 1952. (Docket No. 17, Calendar No. 45,420.) Decided December 9, 1952.

Action by Rose Tarnowski against Eugene Fite for personal injuries received when defendant's taxicab stopped suddenly. Judgment for defendant. Plaintiff appeals. Affirmed.

*Lipshey & Cohen* (*I. Goodman Cohen,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 5 Am Jur, Automobiles § 484.

[2] Liability of owner or operator of automobile for injury to guest. 20 ALR 1014; 26 ALR 1425; 40 ALR 1338; 47 ALR 327; 51 ALR 581; 61 ALR 1252; 65 ALR 952.

Butzel, J. Rose Tarnowski, plaintiff, brought suit against Eugene Fite, defendant, the owner of a taxicab which on the 24th day of June, 1946, was being driven up Second avenue, in the city of Highland Park, Michigan, by one of his employees. Plaintiff, who was a passenger for hire at the time, testified that as the cab reached LaBelle avenue the driver was proceeding at a speed of from 38 to 42 miles an hour; that as he approached close to a car which had stopped ahead, he applied the brakes so as to bring the cab to a stop. Plaintiff was thrown toward the front of the cab and sustained injuries and has brought this action.

In a prior case, which was nonsuited by plaintiff, as well as in the instant suit which was brought shortly thereafter, plaintiff alleged in the declaration in each case that she was thrown forward because defendant's cab collided with the car in front of it. However, at the trial of the instant case plaintiff was permitted to amend, as she testified that there was no collision, but that the sudden stop of the cab while going at an excessive speed caused her to lurch forward. Her left hand struck the meter of the taxicab and thus she met her injuries. She testified that she fractured the little finger of her left hand to such an extent that there is a slight ankylosis; that she cannot entirely flex the finger and is frequently unable to secure a grasp on small objects or use that finger in dressing. She also testified that she is unable to grip and lift heavy objects with her left hand the way she can with her right. Plaintiff also had medical and hospital expenses and lost wages for 10 weeks while she was unable to work.

At the time of the accident plaintiff was accompanied by her 2-year-old niece. She claims that the little girl was seated next to her looking out of the window of the cab at the time the cab stopped. Defendant's driver denies this. He testified that he

stopped because the car ahead of him had stopped suddenly, that the little girl was standing near the auxiliary seat in the front of the cab at the time and that plaintiff, in an effort to reach forward and grab the child to prevent her from falling, lurched forward, lost her balance, fell and sustained the injuries. He further testified that the taxicab was being driven at from 20 to 25 miles per hour; that he made no sudden stop but stopped the cab a safe distance in back of the car that had come to a sudden stop ahead of him.

The case was tried by the judge without a jury and he entered judgment for defendant. On plaintiff's motion to set aside the judgment and grant a new trial, the judge held that defendant was guilty of negligence and plaintiff was guilty of contributory negligence. The judge did not make specific findings as to the facts but as he had heard the testimony we must assume that his conclusions as to liability were based on the testimony. See Court Rule No 37, § 11 (b) (1945). There is testimony that fully supports defendant's claim that plaintiff was guilty of contributory negligence. See *Shpakow* v. *Brown*, 300 Mich 678; *Shaver* v. *Associated Truck Lines*, 322 Mich 323, 329.

Plaintiff contends, however, that she was not guilty of contributory negligence because she was making a reasonable effort to save a third person from harm. This is a humanitarian point of view. Plaintiff relies largely on the leading case of *Wagner* v. *International Railway Co.*, 232 NY 176 (133 NE 437, 19 ALR 1); and *Brugh* v. *Bigelow*, 310 Mich 74 (158 ALR 184). She also relies on 2 Restatement, Torts, § 472, where there is a general statement that it is not contributory negligence for a plaintiff to expose himself to danger in a reasonable effort to save a third person from harm. However, the rule is limited by comment (a) to section 472, where it is stated:

"If the third person's peril is due in part to the plaintiff's own negligence, such negligence is a contributing factor in producing any harm which he sustains in attempting to rescue the third person and, therefore, is a bar to his recovery against a defendant whose negligence also contributed to such harm."

Also, see *Dahlerup* v. *Grand Trunk Western R. Co.*, 319 Mich 96; *Automobile Insurance Co. of Hartford, Conn.* v. *Pere Marquette R. Co.*, 322 Mich 468. At most it became a question of fact whether the child was standing or not, in the manner claimed by defendant, and whether plaintiff was negligent or not in permitting the child to stand up out of her reach in a moving taxicab.

Judgment affirmed, with costs to defendant.

ADAMS, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.