JONES v CAUSEY

1. PLEADING—AMENDMENT—DISCRETION.

It is within the discretion of the trial court to permit amendments to pleadings at any time prior to judgment; both the statute and the court rule incorporate a policy in favor of allowing amendments when justice would be served (MCLA 600.2301; GCR 1963, 118.3).

2. GIFTS—TITLE—DELIVERY—ACCEPTANCE.

The three elements necessary to constitute a valid gift are: (1) that the donor must possess the intent to pass gratuitously title to the donee; (2) that actual or constructive delivery be made; and (3) that the donee accept the gift.

3. GIFTS—DELIVERY.

Delivery of a gift must be unconditional and it may be either actual or constructive; the property may be given to the donee or to someone for him.

4. GIFTS—PRESUMPTIONS—ACCEPTANCE.

The donee of a gift is presumed to have accepted the gift where acceptance is beneficial.

5. GIFTS—REAL PROPERTY—ESTATES OF DECEDENTS—CONVEYANCE—SUFFICIENCY.

An heir, devisee, or legatee may convey by gift or otherwise his interest in property comprising a decedent's estate prior to the final order of distribution by the probate court, and, if by gift, language in a letter that "I hereby assign over to you one-third interest of my share in the estate of" decedent may be sufficient to transfer real estate involved in a decedent's estate.

Appeal from Lenawee, Rex B. Martin, J. Submit-

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading § 317.
[2] 38 Am Jur 2d, Gifts §§ 36–38.
[3] 38 Am Jur 2d, Gifts §§ 20, 22, 23.
[4] 38 Am Jur 2d, Gifts §§ 34, 35.
[5] 38 Am Jur 2d, Gifts § 42.

ted Division 2 January 3, 1973, at Lansing. (Docket No. 13708.) Decided February 23, 1973. Leave to appeal denied, 389 Mich 817.

Complaint by Hasting M. Jones against Hilda Causey and Tryphosa Ondrus for specific performance of a gift. Judgment for plaintiff. Defendants appeal. Affirmed and remanded.

*James I. Moran,* for plaintiff.

*Ronald L. Greenberg,* for defendants.

Before: QUINN, P. J., and R. B. BURNS and C. J. BYRNS,* JJ.

R. B. BURNS, J. Plaintiff was the brother and defendants were the sisters of Bernice Kerr. Mrs. Kerr died in Toledo, Ohio, and willed her estate equally to the defendants. Prior to her death Bernice had informed the defendants that she desired the plaintiff to share equally with them in her estate. However, she never changed her will.

After the reading of the will, defendants told Mrs. Kerr's attorney of their sister's wishes. The attorney responded that the will could not be altered, but the defendants could give the plaintiff part of the estate. The following memorandum was prepared and signed by the defendants:

"June 13, 1966
"Hasting M. Jones
2107 55th Avenue
Bradenton, Florida
"Dear Hasting:
"In accordance with our understanding at the Attorney Office of Marcus Friedman located in the United Savings Building Room 901 to-day when the Will was read on Sister Bernices Estate.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"This letter is for your protection that I hereby assign over to you one third interest of my share in the estate of Berniece Kerr of 5131 Secor Road Lucas County Toledo, Ohio. Whom died June 5th, 1966."

Mrs. Kerr's estate included real estate in Lenawee County, Michigan. The defendants never executed a deed transferring plaintiff's share of the Michigan property to him, and he filed a suit for specific performance.

The defendants admitted the gift but claimed it only applied to the estate located in Ohio and did not include Michigan property.

The trial judge found that the defendants made a valid gift to the plaintiff and that the defendants intended to give the plaintiff a 1/3 interest in the entire estate of Bernice Kerr, including the real estate located in Michigan.

Defendants claim the trial court abused its discretion by allowing plaintiff to amend his pleadings at trial.

Plaintiff's original complaint asked for specific performance of a contract. At the start of the trial it became evident that the action was not a contract action, as there was no pleading or claim that there was any consideration for the memorandum. It was evident that plaintiff was actually relying on a gift from the defendants. The trial judge allowed plaintiff to amend his pleadings to so state. The defendants were granted a continuance of three months to prepare a defense to the amended pleadings.

It is within the discretion of the trial court to permit amendments to pleadings at any time prior to judgment. GCR 1963, 118.3; MCLA 600.2301; MSA 27A.2301. Both the court rule and the statute incorporate a policy in favor of allowing amendments when justice would be served. *Miller*

*v Green,* 37 Mich App 132, 140 (1971). The trial judge did not abuse his discretion.

Contrary to defendants' contention the present case is not a collateral attack on the probate proceedings. Plaintiff is not contesting the probate proceedings but seeks to enforce a gift made by the defendants to him.

Defendants also claim the trial court erred in concluding that they made a valid gift to the plaintiff of their interest in any real property which was part of Mrs. Kerr's estate.

The law of gifts was summarized in *Osius v Dingell,* 375 Mich 605, 611 (1965), as follows:

"It may be stated generally that the three elements necessary to constitute a valid gift are these: (1) that the donor must possess the intent to pass gratuitously title to the donee; (2) that actual or constructive delivery be made; and (3) that the donee accept the gift. *Buell v Orion State Bank,* 327 Mich 43 [1950]. It is essential that title pass to the donee. *Taylor v Burdick,* 320 Mich 25 [1948]. As to delivery, it must be unconditional and it may be either actual or constructive; the property may be given to the donee or to someone for him. *In re Herbert's Estate,* 311 Mich 608 [1945]. Such delivery must place the property within the dominion and control of the donee. *In re Herbert's Estate, supra.* This means that a gift *inter vivos* must be fully consummated during the lifetime of the donor and must invest ownership in the donee beyond the power to recall by the donor. *Lumberg v Commonwealth Bank,* 295 Mich 566 [1940]. As to acceptance, it is said that the donee is presumed to have accepted the gift where such is beneficial. *Buell v Orion State Bank, supra.*"

Defendants contend that because title to real property can only be conveyed by deed, the delivery requirement was not satisfied.

An heir, devisee, or legatee may convey by gift or otherwise his interest in property comprising a

decedent's estate prior to the final order of distribution by the probate court. *Huron Land Co v Robarge,* 128 Mich 686 (1901); *Bissell v Nerreter,* 304 Mich 175 (1943).

In *Austin v Dolbee,* 101 Mich 292 (1894), and *Huron Land Co v Robarge, supra,* language similar to the language used in this case was deemed sufficient to transfer real estate involved in a decedent's estate.

One issue raised on appeal was not decided in the trial court. Plaintiff in his amended complaint offered to contribute his prorata share of administration costs of the estate of Bernice Kerr. The record does not contain any discussion of this matter. It is only equitable that he contribute his fair share toward the expenses.

The trial court is affirmed and the case remanded to the circuit court for a determination of expenses.

Costs to plaintiff.

All concurred.