CHRISTY v PRESTIGE BUILDERS, INC

Docket Nos. 77-5257, 77-5258. Submitted May 9, 1979, at Marquette.—
Decided January 22, 1980. Leave to appeal applied for.

Leo and Vivian Glass were owners of a large tract of land which
they platted and subdivided. They entered into an agreement
with Prestige Builders, Inc., by which Prestige was to build
homes in the subdivision, and conveyed the property to Pres-
tige, which in turn sold the individual lots and homes to
Thomas and Lana Christy and other purchasers. During the
development of the subdivision it was discovered that water
from wells drilled below a certain depth was no good, and that
there was not sufficient water above that depth to supply all of
the homes to be built. Several of the homes were built with
wells that were drilled too deep, and their purchasers experi-
enced problems with their water. The Christys and several
other purchasers brought an action for damages against Pres-
tige Builders, Gary Young, Prestige's office manager, Russell
Young, one of Prestige's owners, the Glasses, Anderson Well
Drilling, Inc., which had drilled most of the wells in question,
and Anderson's president, Art Anderson. Theories upon which
the plaintiffs relied were express warranty, implied warranty,
negligence and fraud. The jury returned verdicts in favor of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading §§ 308-311.
[2] 5 Am Jur 2d, Appeal and Error § 886.
[3] 57 Am Jur 2d, Negligence § 34.
[4] 57 Am Jur 2d, Negligence § 37.
[5] 46 Am Jur 2d, Judgments §§ 106, 107.
   57 Am Jur 2d, Negligence § 67.
   77 Am Jur 2d, Vendor and Purchaser § 330.
[6] 22 Am Jur 2d, Damages §§ 345, 346.
   75 Am Jur 2d, Trial § 906.
[7] 58 Am Jur 2d, New Trial §§ 212, 213.
[8] 41 Am Jur 2d, Husband and Wife § 436.
[9] 77 Am Jur 2d, Vendor and Purchaser § 329 *et seq.*
   Implied warranty by seller, in absence of fraud or misrepresenta-
   tion, as to fitness, condition or quality of new dwelling. 78 ALR2d
   446.

plaintiffs against Prestige Builders and Gary Young on the basis of express and implied warranty and negligence, and against the Glasses and Anderson Well Drilling for breach of implied warranty and negligence. The Marquette Circuit Court, Edward A. Quinnell, J., denied motions for new trial by all of these defendants. Motions for judgment notwithstanding the verdict were denied as to Prestige Builders, granted in part as to Gary Young, granted as to Anderson Well Drilling and Vivian Glass thus relieving them of all liability, and granted as to Leo Glass on only the implied warranty count.

Leo Glass appeals, alleging that a judgment notwithstanding the verdict should have been granted as to him on the negligence count. Plaintiffs cross-appeal, alleging error in the grant of judgment notwithstanding the verdict as to Leo Glass on the implied warranty count and as to Vivian Glass in its entirety. Plaintiffs bring a separate appeal of the grant of judgment notwithstanding the verdict as to Anderson Well Drilling. *Held:*

1. The trial court did not abuse its discretion in allowing the plaintiffs to amend their pleadings after trial to conform to the proofs in respect to an allegation that Leo Glass proceeded with the development of the subdivision after he knew or should have known that it could not be supplied with adequate good water.

2. Plaintiffs introduced testimony at trial tending to show that Leo Glass was negligent in proceeding with the subdivision. Therefore, his motion for judgment notwithstanding the verdict for failure to prove negligence was properly denied.

3. The relationship between Leo Glass and the plaintiffs was not such that Glass would have had an affirmative duty to act to prevent harm to the plaintiffs, thus precluding the imposition of liability for nonfeasance. However, the trial court found that Glass was actively negligent in proceeding with the project. Glass should have foreseen the water problems, and it cannot be said that he owed no duty of ordinary care to the plaintiffs. Therefore, the trial court did not abuse its discretion in denying Leo Glass's motion for judgment notwithstanding the verdict.

4. Leo Glass made no objection to the jury instructions allowing the jury to apportion the damages among the defendants, therefore his motion for new trial on the basis of the apportionment made was properly denied.

5. Denial of Glass's motion for new trial, made on the basis that the verdict was against the great weight of the evidence or

that the jury made unwarranted findings of fact, was not an abuse of discretion.

6. No evidence was presented showing that Vivian Glass knew of the risk that proceeding with the subdivision would entail or that she had designated Leo Glass as her agent for dealing with the property. Her motion for judgment notwithstanding the verdict was properly granted.

7. There is no implied warranty extending to the sale of land itself.

8. The motion for judgment notwithstanding the verdict as to Anderson Well Drilling was properly granted. Anderson cannot be said to have warranted the quality of water obtained from the wells, nor is there evidence on the record to indicate that Anderson violated a professional standard of care and was thereby negligent.

Affirmed.

1. PLEADING — AMENDMENT TO PLEADINGS — COURT RULES.

An amendment to conform the pleadings to the proofs may not be denied where issues not raised by the pleadings are tried by express or implied consent of the parties (GCR 1963, 118.3).

2. APPEAL AND ERROR — MOTIONS — JUDGMENT NOTWITHSTANDING THE VERDICT.

The Court of Appeals views the evidence in the light most favorable to the nonmoving party when reviewing a denial of a motion for a judgment notwithstanding the verdict.

3. NEGLIGENCE — DUTY — QUESTION OF LAW.

Generally, the question of whether or not a defendant in a negligence case owed a duty to the plaintiff is a question of law for the trial court to decide.

4. NEGLIGENCE — DUTY — NONFEASANCE.

A definite relationship between a plaintiff and a defendant in a negligence action, of such a character that social policy would require a duty to act on the part of the defendant, must exist in order to impose liability on the defendant for nonfeasance.

5. NEGLIGENCE — MOTIONS — JUDGMENT NOTWITHSTANDING THE VERDICT.

Denial of a defendant's motion for a judgment notwithstanding the verdict was not improper where the defendant had been found to have been actively negligent in proceeding with the development of a subdivision on his land after being advised of

a problem in obtaining water of sufficient quality because the defendant should have foreseen the risk that the ultimate purchasers of lots in the subdivision might suffer the harm which they in fact did suffer, and because it cannot be said that the prospect of harm to those purchasers was so slight or remote that the defendant did not owe them a common law duty of ordinary care.

6. DAMAGES — APPORTIONMENT OF DAMAGES — INSTRUCTIONS TO JURY — WAIVER.

A defendant who raised no objection to a jury instruction which allowed the jury to apportion damages among several defendants thereby waived the issue of apportionment and the trial court's denial of the defendant's motion for a new trial on that ground was not error.

7. NEW TRIAL — APPEAL AND ERROR — JUDGE'S DISCRETION.

The grant or denial of a new trial is within the sound discretion of the trial court and its decision on such a motion will not be reversed on appeal absent an abuse of discretion.

8. NEGLIGENCE — HUSBAND AND WIFE — TORTS OF SPOUSE.

The mere relationship as husband and wife imposes no liability on the wife for the torts of her husband in the development of a subdivision project where there is no evidence showing that the project was the subject of a principal-agent relationship, a partnership or joint venture between the spouses, no evidence that the wife knew of the risk, and no evidence that she had designated her husband as her agent for dealing with the property in question.

9. PROPERTY — IMPLIED WARRANTY OF HABITABILITY — SALE OF LAND.

Certain implied warranties of habitability are created in the sale of a new house, but no such implied warranty extends to the sale of land itself.

*Bridges & Collins* (by *Dennis Shafer*), for plaintiffs.

*Wisti & Jaaskelainen* (by *Michael E. Makinen*), for defendants Leo and Vivian Glass.

*Jason, Jason & Finkbiner, P.C.* (by *Paul M. Marin*), for defendant Anderson Well Drilling, Inc.

Before: D. F. WALSH, P.J., and BRONSON and T. M. BURNS, JJ.

T. M. BURNS, J. Although the factual background of this case is not complex, the multiplicity of involved parties does not lend itself to a simple statement of facts. On April 11, 1974, plaintiffs, numerous subdivision homeowners, initiated this action alleging that they had incurred property damage, inconvenience and discomfort because the water supply in their recently purchased new homes was unfit for normal residential use. Named as defendants were Prestige Builders, Inc., which had built the homes and conveyed them to plaintiffs; Gary Young, an office manager for Prestige; Russell Young, one of the three owners of Prestige; Leo and Vivian Glass, spouses who had planned and platted the subdivision in which plaintiffs' homes were built and who had conveyed the property to Prestige; Anderson Well Drilling, Inc., the company that had drilled the wells that supplied the water to most of the plaintiffs' homes; and Art Anderson, president of Anderson Well Drilling, Inc. The complaint asserted that plaintiffs were entitled to recovery on four grounds from each defendant: express warranty, implied warranty, negligence and fraud.

A jury trial of this suit began on October 7, 1977. Testimony at the trial established that in 1972 Leo and Vivian Glass owned a sizable tract of property near Marquette, Michigan, which they platted and subdivided. The Glasses previously had entered into an agreement with Prestige Builders to construct homes on the subdivided lots. A model home was built in 1971 and several other homes were built soon thereafter. Each house came with its own well. The wells that were drilled for the

earliest built of these houses encountered no water problems.

Other homes, including those subsequently purchased by plaintiffs, were built in the summer and fall of 1972. On or about November 17, 1972, Bill Cole, the owner of ABC Well Drilling Co., which had drilled wells for three of the plaintiffs, notified defendant Gary Young that he had encountered a gravel shelf at a depth of about 42 feet while drilling a well. The water that was above the shelf was good but that which was below it was not. Cole was unable to drill all of the wells in the subdivision, but he advised defendant Gary Young to tell future well drillers to drill only so far as was needed to encounter water without breaking through the shelf.

Gary Young employed Anderson Well Drilling, Inc. to sink the remaining wells. Although Young told Anderson that penetrating the gravel shelf would create an odor problem, it soon became apparent that there was not sufficient water above the shelf to supply all of the houses, and wells were drilled that were too deep.

Subsequently, plaintiffs moved into their new houses and began having problems with their water supply. Plaintiffs from each complaining household recounted the problems that, in varying degrees, they had experienced: water that stained bathroom fixtures and laundry and that looked, tasted and smelled so bad that they could not use it for cooking or drinking. Although defendant Gary Young initially attempted some efforts to resolve the water problem, he was unsuccessful.

Other trial testimony tended to establish that most of the defendants had some knowledge of the water problem prior to the time that plaintiffs moved into their new homes. Following the close

of plaintiffs' proofs, all defendants moved for directed verdicts. All motions were denied except that of defendant Russell Young, who was then dismissed as a defendant. At the conclusion of trial the jury returned verdicts in favor of all plaintiffs against all remaining defendants except Art Anderson in his individual capacity. Defendants Prestige Builders and Gary Young were found liable on the basis of express warranty, implied warranty and negligence. Defendants Leo and Vivian Glass, and Anderson Well Drilling, Inc., were all held liable for breach of implied warranty and negligence. The jury specifically apportioned responsibility for the damages awarded each plaintiff among the several defendants.

All defendants who had been found by the jury to be liable to plaintiffs filed post-trial motions for new trial or judgment notwithstanding the verdict. The trial court denied all of the motions for new trial. In an opinion dated December 13, 1977, the lower court denied Prestige Builders' motion for judgment notwithstanding the verdict *in toto.* Defendant Gary Young's motion was granted with respect to the express warranty and implied warranty counts, but denied as to the count alleging negligence. The motions by Anderson Well Drilling and Vivian Glass were granted as to both counts on which these defendants had been found liable to plaintiffs, implied warranty and negligence. Defendant Leo Glass was granted judgment notwithstanding the verdict only on the implied warranty count.

Defendant Leo Glass now appeals of right the lower court order insofar as it did not grant him judgment notwithstanding the verdict on the count of negligence. Plaintiffs have cross-appealed and argue that the lower court erred when it granted

Leo Glass' motion with respect to the implied warranty count and Vivian Glass' motion for judgment notwithstanding the verdict. Plaintiffs also appeal the lower court order granting Anderson Well Drilling's motion for judgment notwithstanding the verdict. No appeals have been taken with respect to the judgments for or against any of the other defendants.

The first issue that we address in this appeal is one raised by Leo Glass pertaining to whether the lower court erred in granting, after trial, plaintiffs' motion to amend their complaint to conform to the proofs. We are not persuaded that the trial court committed an abuse of discretion in permitting the amendment. Resolution of this issue is governed by GCR 1963, 118.3, which provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case an amendment of the pleadings to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action for defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The foregoing provisions of this court rule actually address two different situations. The first occurs when "issues not raised by the pleadings are tried by express or implied consent of the parties". In such cases an amendment to conform

the pleadings to the proofs may not be denied. See, 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 415. The latter portion of this subrule concerns "situations in which proffered evidence is met with an objection that it is not within the pleadings". *Id.* at 416. Plaintiffs correctly assert that the second facet of this subrule is inapposite here. Defendant Leo Glass does not claim to have objected to the evidence offered by plaintiffs, and the plain language of this subrule's third sentence does not extend to his reserved objection when plaintiffs first proposed the amendment during trial.

The court rule incorporates a policy favoring amendment when justice would be served thereby. *Jones v Causey,* 45 Mich App 271, 273; 206 NW2d 534 (1973), *lv den* 389 Mich 817 (1973). Further, it is designed to "facilitate the amendment of pleadings except where prejudice to the opposing party would result". *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973).

Our examination of the record indicates that defendant Leo Glass could not have been unfairly surprised by the late amendment of plaintiffs' complaint. In substance, the amendment alleges that defendant Leo Glass proceeded with development of the subdivision after he knew, or should have known, that it could not be adequately supplied with good water. This issue was raised in the extensive pretrial interrogatories to which defendant Leo Glass was a party, in plaintiffs' opening argument at trial, and in the trial itself during the testimony of an employee of the Marquette County Health Department who established that not only did defendant Leo Glass have knowledge of the water condition but that he had also been requested to take specific corrective measures and

should have exercised restraint in proceeding with development of the subdivision. In our opinion then, the lower court did not abuse its discretion in permitting the amendment. *Ball v Render,* 64 Mich App 148, 151; 235 NW2d 90 (1975). The substance of the amendment was tried with the implied consent of the parties and, thus, the amendment was allowable under § 118.3 of the General Court Rules.

Defendant Leo Glass next argues that even if the amendment was permissible the lower court erred in denying his motion for judgment notwithstanding the verdict on the negligence count because plaintiffs failed to prove the specific act of negligence alleged. We find no merit in this issue. In their amended complaint, plaintiffs alleged that defendant Leo Glass was negligent because he proceeded with development of the subdivision after he knew, or should have known, that the development would encounter difficulty with its water supply. Plaintiffs did introduce at trial testimony tending to establish this specific act of negligence and thus they fulfilled that which was required of them. *Automobile Insurance Co of Hartford, Connecticut v Pere Marquette R Co,* 322 Mich 468; 34 NW2d 46 (1948).

We also hold to be unmeritorious the argument of defendant Leo Glass that a subdivision proprietor owes absolutely no duty of care to those who ultimately purchase homes from the builder-developer to whom the proprietor sold the land and, therefore, that the lower court erred in denying his motion for judgment notwithstanding the verdict on the negligence count.

In reviewing an appeal from a denial of a motion for judgment notwithstanding the verdict, this Court reviews the evidence in the light most favor-

able to the nonmoving party. *Distco Laminating, Inc v Union Tool Corp,* 81 Mich App 612; 265 NW2d 768 (1978), *lv den* 403 Mich 848 (1978). Defendant Leo Glass argues that at issue here is whether there exists a special relationship between a subdivision proprietor and the ultimate purchasers of homes from a builder-intermediary that would justify the imposition of a legal duty. In general, of course, the question of whether a duty exists is one of law for the trial judge. *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977).

Were we to accept the question here framed by defendant Leo Glass as the pertinent one controlling his liability to plaintiffs, we would tend to agree with him that he was entitled to a judgment notwithstanding the verdict as to his liability for negligence. This is because his failure to warn plaintiffs of the water condition would make him guilty only of passive negligence for nonfeasance. To impose liability for nonfeasance, it is necessary first to find some definite relationship between the plaintiff and defendant of such a character that social policy requires a duty to act. See, Prosser, Torts (4th ed), § 56, p 339. Michigan courts have not recognized relationships of the type between plaintiffs and defendant Leo Glass to be of such great importance that defendant would have an affirmative duty to protect plaintiffs. However, by holding this we do not thereby conclude that the lower court abused its discretion in denying this defendant's motion.

Plaintiffs alleged, and the trial judge so found, that defendant Leo Glass was actively negligent in that he proceeded with development of the subdivision after being advised of the water problem. Plaintiffs claim that, in so doing, he violated not a duty arising out of any special relationship with

plaintiffs, but the general duty "to conform to the legal standard of reasonable conduct in the light of the apparent risk". Prosser, Torts, *supra,* § 53, p 324. See also, *Moning v Alfono, supra* at 443.

It is nearly impossible to state a general rule defining when a duty exists and when it does not. To this end, the Supreme Court in *Moning* noted the importance of foreseeability as bearing on the establishment of a duty. That is, is it foreseeable that the actor's conduct may create a risk of harm to the victim?

In the instant case, defendant Leo Glass should have foreseen the risk that the ultimate purchasers of lots in the subdivision might suffer exactly the kind of harm that befell plaintiffs unless the uncertainties about the availability of adequate water were resolved. Because of the procedural posture in which this question arises, a motion for judgment notwithstanding the verdict, and because we cannot say that the prospect of harm to plaintiffs was so slight or remote that defendant Leo Glass did not owe plaintiffs a common law duty of ordinary care, we affirm the lower court's denial of defendant's motion.

The final issue raised by defendant Leo Glass is that the lower court erred in denying his motion for a new trial. While we concede that the jury must have encountered great difficulty in apportioning damages among the several defendants, defendant Leo Glass raised no objection at trial to an instruction that suggested that the jury could apportion damages if they could determine the proportional amount of damage caused by each defendant. It is possible that this defendant made a tactical decision to remain silent and hope for an apportionment that favored him. In any event, we hold that defendant had waived this issue.

Neither do we find that a new trial should have been granted because the jury's verdict was against the great weight of the evidence or because the jury made unwarranted findings of fact. The grant or denial of a new trial is within the sound discretion of the trial judge whose decision on such a motion will not be reversed on appeal absent an abuse of discretion. *Kailimai v Firestone Tire & Rubber Co,* 398 Mich 230, 232; 247 NW2d 295 (1976). Under the circumstances of this case, it was a proper exercise of discretion for the trial judge to deny defendant Leo Glass' motion for a new trial and partially grant his motion for a judgment notwithstanding the verdict to correct any inaccuracy in the jury verdict.

Plaintiffs argue on cross-appeal that the lower court erred in granting defendant Vivian Glass' motion for judgment notwithstanding the verdict. Our examination of the record discloses no evidence showing that the subdivision project had become the subject of a principal-agent relationship, a partnership or a joint venture between Leo and Vivian Glass. Thus, we cannot impute defendant Leo Glass' knowledge of the water condition to his wife. Because plaintiffs have presented no evidence establishing that defendant Vivian Glass knew of the risk that proceeding with the subdivision would entail or that she had designated her husband as her agent for dealing with the property in question, we affirm the lower court's ruling. Their mere relationship as husband and wife imposes no liability on Mrs. Glass for her husband's torts under the facts in the record before us.

We summarily reject plaintiffs' argument that the lower court erred in granting the motion of defendants Vivian and Leo Glass for judgment

notwithstanding the verdict on the implied warranty count of plaintiffs' complaint. Although Michigan does recognize that certain implied warranties of habitability are created in the sale of a new house, *Weeks v Slavik Builders, Inc,* 384 Mich 257; 181 NW2d 271 (1970), *Cartmell v The Slavik Co,* 68 Mich App 202; 242 NW2d 66 (1976), *lv den* 397 Mich 828 (1976), no such implied warranty extends to the sale of land itself. Further, the existence of the Subdivision Control Act of 1967, MCL 560.101 *et seq.;* MSA 26.430(101) *et seq.,* does not mandate a different result on this issue. Regardless of whether or not that act was designed, as plaintiffs allege, to protect subdivision homes purchasers from "precisely such defaults as were involved here", plaintiffs failed to show at trial that the Glasses violated any particular provision of it. The mere invocation of the statute by plaintiffs does not improve plaintiffs' position with respect to the implied warranty count in their complaint.

Finally, we agree that the lower court acted properly when it granted defendant Anderson Well Drilling's motion for judgment notwithstanding the verdict. This defendant had no contractual relationship with plaintiffs and cannot be said to have warranted the quality of the water that was obtained from the wells that it drilled. Anderson merely drilled the wells where it was instructed to do so by the subdivision developer. Further, as to the negligence count, there is no evidence in the record that would indicate that Anderson violated a professional standard of care, and on the evidence produced at trial we cannot say that Anderson was guilty of ordinary negligence.

The lower court judgment is affirmed. Defendants Vivian Glass and Anderson Well Drilling

may assess costs against plaintiffs, both parties having prevailed in full on appeal. Plaintiffs and defendant Leo Glass are not entitled to costs because none of these parties have bettered their positions by this appeal.