FEJEDELEM v KASCO

Docket No. 256090. Submitted January 5, 2006, at Detroit. Decided January 24, 2006, at 9:00 a.m. Leave to appeal denied, 475 Mich ___.

David E. Fejedelem brought an action in the Genesee Circuit Court against Daniel L. Kasco and others, including Richard Dimmer, relating to the plaintiff's purchase of National Truck Refinishers, Inc. (NTR). Dimmer had prepared NTR's tax returns, and the plaintiff had used documents prepared by Dimmer during the purchase negotiations. The plaintiff's claim against Dimmer alleged negligent misrepresentation. The court, Archie L. Hayman, J., granted Dimmer summary disposition. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred by concluding as a matter of law that the plaintiff could not justifiably rely on documents that he knew were unaudited. Such a bright-line rule is incorrect. A claim for negligent misrepresentation requires proof that a party justifiably relied to the party's detriment on information prepared without reasonable care by one who owed the relying party a duty of care. The test in Michigan for whether such reliance is justifiable or reasonable is that set forth in the Restatement of Torts, which states that a recipient of a negligent misrepresentation is barred from recovery for pecuniary loss suffered in reliance on the misrepresentation if the recipient is negligent in so relying. This test is factual, not legal, and turns on whether the reliance itself was an act of negligence.

2. The trial court did not err by granting summary disposition for Dimmer, however, under the circumstances of this case. The plaintiff was aware that the documents were not only unaudited but also estimated. The plaintiff, following the advice of a certified public accountant, was also unable to obtain more specific records from the other parties. In light of these indicia that the information was uncertain and incomplete, no genuine issue of fact exists that the plaintiff could not reasonably have relied on the information.

Affirmed.

TORTS — NEGLIGENT MISREPRESENTATION — JUSTIFIABLE RELIANCE.

  A claim for negligent misrepresentation requires proof that a party
  justifiably relied to the party's detriment on information prepared
  without reasonable care by one who owed the relying party a duty
  of care; the test for justifiable or reasonable reliance is a factual
  one, and a recipient of a negligent misrepresentation is barred
  from recovery for pecuniary loss suffered in reliance on the
  misrepresentation if the recipient is negligent in so relying.

*Winegarden, Haley, Lindholm & Robertson, P.L.C.*
(by *Dennis M. Haley, Rita M. Lauer,* and *Donald H.
Robertson*), for David E. Fejedelem.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and
*Brian T. McGorisk*), for Richard Dimmer.

Before: DONOFRIO, P.J., and BORRELLO and DAVIS, JJ.

DAVIS, J. Plaintiff appeals as of right an order grant-
ing defendant's motion for summary disposition pursu-
ant to MCR 2.116(C)(10). We affirm.

Plaintiff became interested in purchasing National
Truck Refinishers, Inc. (NTR), on the basis of real
estate broker Rob Smith's recommendation. NTR was
owned by Daniel and Renee Kasco, and defendant
Richard Dimmer (defendant) was their accountant.
Plaintiff initially thought that NTR's asking price was
too high, but Daniel Kasco allegedly indicated that NTR
was more profitable than it appeared because Kasco had
been "taking money out of the company kind of off the
books" as unreported income. Kasco obtained a number
of financial documents prepared by defendant and
forwarded copies to plaintiff during their negotiations.

Defendant is not a certified public accountant (CPA),
but he prepares tax returns. Defendant had prepared
NTR's tax returns for several years, pursuant to which
he received spreadsheets, bank statements, and check

ledgers. He compiled balance sheets and profit and loss statements for the Kascos' use in selling NTR. Defendant had never performed an audit on any records. Defendant testified that the documents were prepared entirely on the basis of confusing and largely incomplete data supplied by Daniel Kasco. Defendant filled in the gaps using "balancing factors," which he had been told by the Internal Revenue Service was acceptable. Defendant admitted a number of other irregularities, such as carrying over a balance from the Kascos' prior business, "National Truck Refinishing, Inc.," when it was dissolved and immediately reincorporated as "National Truck Refinishers, Inc.," without regard for the change in corporate form or employer identification number. He also listed accounts payable as income.

Defendant admitted that he knew plaintiff was working with Rob Smith to purchase NTR at the time defendant forwarded documents to Smith's office. Those documents included some income tax returns for NTR. Defendant testified that he had spoken directly to plaintiff, informing him that the documents were unaudited and that some figures were estimates. After receiving these records, and before purchasing the business, plaintiff hired a consultant who was a CPA. The consultant concluded that NTR's financial records were in order despite Daniel Kasco's refusal to turn over NTR's checkbook and check ledger. Plaintiff alleges that he relied on the financial records in agreeing to purchase NTR, and that he did not find out until afterwards that the records inflated NTR's value. Plaintiff filed a number of claims, but only the claim of negligent misrepresentation against defendant Dimmer is at issue here.

The trial court granted summary disposition on the grounds that plaintiff could not justifiably rely on the

documents because plaintiff knew they were unau-
dited. We review de novo motions for summary dis-
position. *Maiden v Rozwood*, 461 Mich 109, 118; 597
NW2d 817 (1999). Plaintiff argues that the trial court
erred in its conclusion. We disagree. Plaintiff was not
precluded as a matter of law from justifiably relying
on the documents provided by defendant, but, under
the totality of the circumstances in this case, we
agree with the trial court's ultimate conclusion.

A claim for negligent misrepresentation "requires
plaintiff to prove 'that a party justifiably relied to his
detriment on information prepared without reason-
able care by one who owed the relying party a duty of
care.' " *Mable Cleary Trust v Edward-Marlah Muzyl
Trust*, 262 Mich App 485, 502; 686 NW2d 770 (2004),
quoting *Law Offices of Lawrence J Stockler, PC v Rose*,
174 Mich App 14, 30; 436 NW2d 70 (1989). For the
purposes of this appeal, we presume without deciding
that the documents at issue were prepared by defen-
dant without reasonable care, that defendant owed
plaintiff a duty of care,[1] and that plaintiff was harmed
by relying on the documents. We are presented solely
with the question of whether that reliance was "justi-
fiable."

In *Stockler, supra* at 36, this Court adopted "[3]
Restatement Torts, 2d, § 552, as the minimum standard
applicable in reviewing the scope of an accountant's
potential third-party liability for negligent misrepre-
sentation." Michigan courts have not explicitly set forth
when reliance is justifiable because justifiable reliance

---

[1] Defendant argued in the trial court that he could not owe plaintiff
a duty of care because he did not know, and had no reason to know,
that plaintiff would rely on the documents. The trial court did not
grant summary disposition on this ground, apparently because defen-
dant himself testified that he directly discussed the documents with
plaintiff.

is not a purely legal standard. The trial court held, essentially as a matter of law, that reliance on unaudited financial statements can never be justifiable. We disagree with such a bright-line rule.

Whether a person *justifiably* relies on a document is indistinguishable from whether the person *reasonably* relies on it. Indeed, courts sometimes treat the two words essentially as synonyms. See, e.g., *People v Taylor*, 253 Mich App 399, 404; 655 NW2d 291 (2002). Further, in adopting § 552 in *Stockler,* we relied on the reasoning in *Raritan River Steel Co v Cherry, Bekaert & Holland*, 322 NC 200; 367 SE2d 609 (1988). In that case, the relevant element was whether "that person *reasonably* relies on the information in a transaction . . . ." *Id.* at 210 (emphasis added). Thus, the test in Michigan is identical to the test set forth in 3 Restatement Torts, 2d, § 552A, p 140, which states that "[t]he recipient of a negligent misrepresentation is barred from recovery for pecuniary loss suffered in reliance upon it if he is negligent in so relying." In other words, the test is factual, not legal, and turns on whether the reliance was itself an act of negligence.

We conclude that plaintiff actually was negligent, under the circumstances of this case, in relying on the unaudited financial information provided by defendant. It is undisputed that the parties actually discussed the financial statements directly with each other, and plaintiff was aware that they were not only unaudited but also estimated. Plaintiff then attempted to obtain NTR's checkbook and expense records on the advice of an independent CPA consultant who examined the initial set of documents supplied by defendant, but Kasco refused repeated requests for these more specific records. In light of these indicia that the information plaintiff did receive

was uncertain and incomplete, we find no genuine issue of fact that plaintiff could not reasonably have relied on it.

Affirmed.