ALFIERI v BERTORELLI

Docket No. 297733. Submitted October 4, 2011, at Grand Rapids. Decided January 10, 2012, at 9:05 a.m. Leave to appeal denied, 491 Mich 925.

Frank Alfieri, IV, and Tonya Alfieri brought an action in the Van Buren Circuit Court against Marc and Brenda Bertorelli, Marc Bertorelli Builder, LLC, Meryl Green, and Weber Seiler Realtors, Inc., alleging, in part, silent fraud and negligent misrepresentation pertaining to plaintiffs' purchase of a condominium unit that was contaminated with trichloroethylene. Plaintiffs had been led to believe that the contamination had been cleaned up, in part on the basis of a newspaper article and a sales brochure that indicated that the site had been decontaminated, and they, therefore, purchased the property without conducting an independent analysis. The Bertorelli defendants were dismissed by stipulation of the parties. Defendants moved for summary disposition, a directed verdict, and judgment notwithstanding the verdict, alleging that they did not breach any legal duty they owed to plaintiffs because they were sellers' agents, there was insufficient evidence of reliance by plaintiffs and any reliance would have been unreasonable, and defendants did not make any misrepresentations. The trial court, William C. Buhl, J., gave the jury a comparative-negligence instruction over plaintiffs' objection. The jury found defendants liable for silent fraud and negligent misrepresentation, but found plaintiffs to be 35 percent at fault on the negligent-misrepresentation claim. The trial court entered a judgment consistent with the verdict. Defendants appealed the denial of their motions and plaintiffs cross-appealed with regard to the comparative-negligence jury instruction.

The Court of Appeals *held*:

1. The trial court correctly determined that there was a genuine question of fact and that reasonable minds could differ on whether defendants owed a duty of disclosure to plaintiffs because the evidence showed that plaintiffs had made direct inquiries of defendants about the condition of the property and the Department of Environmental Quality had advised defendants that the sales brochure contained inaccurate and misleading information.

2. Plaintiffs presented sufficient evidence to establish that they reasonably relied on the sales brochure. No further inquiry on their part was necessary. The trial court properly denied defendants' motions.

3. The trial court did not abuse its discretion by declining to give defendants' requested jury instruction that was based on facts distinguishable from those of this case.

4. The trial court properly instructed the jury on comparative negligence. The jury could have found some comparative fault on the part of plaintiffs with respect to the negligent-misrepresentation claim.

5. Plaintiffs engaged in a joint venture by purchasing the condominium; therefore, it was appropriate to apply the doctrine of imputed knowledge to plaintiffs and the trial court did not err by declining to instruct the jury to consider each plaintiff's comparative negligence separately.

Affirmed.

1. FRAUD — SILENT FRAUD — NEGLIGENT MISREPRESENTATION.

Silent fraud and negligent misrepresentation both require a defendant to owe a duty to the plaintiff; silent fraud is based on a defendant suppressing a material fact that the defendant was legally obligated to disclose, rather than making an affirmative misrepresentation; a misleading incomplete response to an inquiry can constitute silent fraud; a claim for negligent misrepresentation requires a plaintiff to prove that a party justifiably relied to his or her detriment on information prepared without reasonable care by one who owed the relying party a duty of care.

2. FRAUD — SILENT FRAUD — DUTY TO DISCLOSE.

A duty to disclose may be imposed on a seller's agent to disclose newly acquired information that is recognized by the agent as rendering a prior affirmative statement untrue or misleading; this is especially true when the agent knows that the buyer has a particular concern with the subject matter of the statement; a duty to disclose may arise solely because the buyer expresses a particularized concern or directly inquires of the seller regarding the subject matter.

3. FRAUD — DEFRAUDED PARTY'S DUTY TO CONDUCT FURTHER INQUIRY.

The general rule that there cannot be any fraud if the party allegedly defrauded has the means to determine for himself or herself the truth of the matter only applies when the party allegedly defrauded was either presented with the information and chose to

ignore it or had some other indication that further inquiry was needed; when a defrauded party has troubled to examine some extrinsic evidence supporting a false statement, that party owes no duty to the defrauder to exercise diligence to uncover additional evidence disapproving the defrauder's representations.

*Bolhouse, Vander Hulst, Risko & Baar, P.C.* (by *Mark Hofstee*), and *Risko Law Office, P.C.* (by *Michael P. Risko*), for Frank Alfieri, IV, and Tonya Alfieri.

*Kallas & Henk PC* (by *Leonard A. Henk*) for Meryl Greene and Weber Seiler Realtors, Inc.

Before: MARKEY, P.J., and SERVITTO and RONAYNE KRAUSE, JJ.

PER CURIAM. Defendants[1] appeal as of right the trial court's denial of various motions for summary disposition, a directed verdict, and judgment notwithstanding the verdict (JNOV). Plaintiffs cross-appeal as of right certain of the jury instructions given by the trial court. We affirm.

This matter arises out of plaintiffs' purchase of a condominium unit in what had once been an abandoned factory. The factory had been contaminated with trichloroethylene, and, in the process of converting it into condominiums, a vapor barrier was installed, but the site was never properly decontaminated. Plaintiffs were led to believe that the contamination had been cleaned up, in part on the basis of a newspaper article and a sales brochure both indicating that the site had been decontaminated, so they purchased the condo-

---

[1] The Bertorelli defendants, Marc and Brenda Bertorelli and Marc Bertorelli Builder, LLC, and some of the original claims were dismissed by stipulation, so we refer only to the defendants remaining in this matter as "defendants" and only discuss the legal theories remaining and applicable to them.

minium without conducting an independent analysis. The site later turned out to be seriously contaminated. Plaintiffs commenced this suit on theories of, in relevant part, silent fraud and negligent misrepresentation against defendants. Defendants filed motions for summary disposition, a directed verdict, and JNOV at various stages in this litigation, all essentially making the same arguments that they did not breach any legal duty they owed to plaintiffs because they were sellers' agents, there was insufficient evidence of reliance by plaintiffs and any reliance would be unreasonable, and defendants did not make any misrepresentations. The trial court gave a comparative-negligence instruction over plaintiffs' objection. The jury found defendants liable for silent fraud and negligent misrepresentation, but found plaintiffs to be 35 percent at fault on the negligent misrepresentation claim.

We review de novo a trial court's ruling on a motion for summary disposition and consider the evidence and all legitimate inferences therefrom in the light most favorable to the nonmoving party to determine whether there exists any genuine issue of material fact.[2] *Coblentz v City of Novi*, 475 Mich 558, 567-568; 719 NW2d 73 (2006). When reviewing a ruling on a motion for a directed verdict, we likewise consider the evidence and any reasonable inferences de novo in the light most favorable to the nonmoving party to determine whether there exists a question of fact on which reasonable minds could differ. *Hord v Environmental Research Institute of Mich (After Remand)*, 463 Mich 399, 410; 617 NW2d 543 (2000); *Thomas v McGinnis*, 239 Mich

---

[2] We presume that the motion here was granted pursuant to MCR 2.116(C)(10), which tests the factual sufficiency of a claim, because the trial court considered material outside the pleadings. See *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007).

App 636, 643-644; 609 NW2d 222 (2000). We review a denial of a motion for JNOV de novo as well, again considering the evidence and any reasonable inferences in the light most favorable to the nonmoving party to determine whether the evidence fails to establish a claim. *Prime Fin Servs LLC v Vinton*, 279 Mich App 245, 255-256; 761 NW2d 694 (2008). Thus, our standard of review for all three of defendants' motions is essentially the same, so we will review them collectively as defendants' "motions."

Defendants contend that the trial court should have granted their motions because as sellers' agents they owed no duty to plaintiffs because plaintiffs' reliance on the sales brochure was unreasonable and because plaintiffs' reliance on defendant Meryl Greene's statements was unreasonable. We conclude that the trial court properly denied defendants' motions.

Common-law fraud or fraudulent misrepresentation entails a defendant making a false representation of material fact with the intention that the plaintiff would rely on it, the defendant either knowing at the time that the representation was false or making it with reckless disregard for its accuracy, and the plaintiff actually relying on the representation and suffering damage as a result. *M&D, Inc v McConkey*, 231 Mich App 22, 27; 585 NW2d 33 (1998). Silent fraud is essentially the same except that it is based on a defendant suppressing a material fact that he or she was legally obligated to disclose, rather than making an affirmative misrepresentation. *Id.* at 28-29. Such a duty may arise by law or by equity; an example of the latter is a buyer making a direct inquiry or expressing a particularized concern. *The Mable Cleary Trust v The Edward-Marlah Muzyl Trust*, 262 Mich App 485, 500; 686 NW2d 770 (2004); *M&D, Inc*, 231 Mich App at 31, 33. A misleadingly incomplete response to an inquiry can

constitute silent fraud. *The Mable Cleary Trust*, 262 Mich App at 500. "A claim for negligent misrepresentation requires plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Unibar Maintenance Servs, Inc v Saigh*, 283 Mich App 609, 621; 769 NW2d 911 (2009) (citations and quotation marks omitted).

Silent fraud and negligent misrepresentation both require a defendant to owe a duty to the plaintiff. Defendants rely on this Court's explanation in *McMullen v Joldersma*, 174 Mich App 207, 212; 435 NW2d 428 (1988), that Michigan jurisprudence had never imposed on sellers' agents a duty per se of disclosure to buyers, in contrast to the duty it has imposed on sellers themselves. However, a duty of disclosure may be imposed on a seller's agent to disclose newly acquired information that is recognized by the agent as rendering a prior affirmative statement untrue or misleading. *United States Fidelity & Guaranty Co v Black*, 412 Mich 99, 126-128; 313 NW2d 77 (1981). This is especially true when the agent knows that the buyer has a particular concern with the subject matter of that statement. *Id.* at 127. Indeed, a duty to disclose may arise solely because "the buyers express a particularized concern or directly inquire of the seller . . . ." *M&D, Inc*, 231 Mich App at 33. There is evidence that plaintiffs made direct inquires of defendants about the condition of the property and that the Department of Environmental Quality advised defendants that the sales brochure contained inaccurate and misleading information. The trial court correctly determined that there was a genuine question of fact and that reasonable minds could differ on whether defendants owed a duty of disclosure to plaintiffs.

Defendants next rely on the general rule that there cannot be any fraud if the party allegedly defrauded had

the means to determine for him- or herself the truth of the matter. *Nieves v Bell Indus, Inc*, 204 Mich App 459, 464; 517 NW2d 235 (1994). Although defendants accurately state the general rule, it is not an absolute. As this Court has explained, that general rule is only applied when the plaintiffs "were either presented with the information and chose to ignore it or had some other indication that further inquiry was needed." *The Mable Cleary Trust*, 262 Mich App at 501. Furthermore, it has long been the rule that, at least when a defrauded party troubled to examine some extrinsic evidence supporting a false statement, that party owes no duty to the defrauder to exercise diligence to uncover additional evidence disproving the defrauder's representations. *Smith v Werkheiser*, 152 Mich 177, 179-180; 115 NW 964 (1908); see also *In re People v Jory*, 443 Mich 403, 417 n 10; 505 NW2d 228 (1993). The case relied on by defendants, *Fejedelem v Kasco*, 269 Mich App 499; 711 NW2d 436 (2006), is notable because in that case the plaintiff was directly given considerable evidence that certain financial information was incomplete and unreliable, making the plaintiff negligent for nonetheless relying on it. *Id.* at 503-504.

Here plaintiff Frank Alfieri, IV, testified that it was his understanding that the site had been cleaned up based on general public discussions, conversations with Marc Bertorelli and Meryl Greene, and local newspaper articles. Plaintiffs directly inquired of Greene regarding the condition of the property and whether it had been cleaned up at the time they signed the purchase agreement. Frank testified that he trusted Greene's representations, both oral and in the sales brochure, that the site had been cleaned up. Greene testified that she prepared the contents of the sales brochure, with direction from Marc, and that until plaintiffs filed suit, she had no reason to believe that the sales brochure was

inaccurate. Frank also testified that he had no indication that the information in the sales brochure that the contaminated condominium site had been cleaned up was incomplete. Indeed, Greene confirmed the representations in the sales brochure with the newspaper article affirming that the site was no longer contaminated. While the facts set out in the sales brochure could have been independently verified, plaintiffs actually alleged that the factual representations in the sales brochure, i.e., that the contaminated condominium site had been cleaned up, were false in themselves.

Viewing the evidence and all reasonable inferences that can be drawn from it in the light most favorable to plaintiffs, plaintiffs presented sufficient evidence to establish that they reasonably relied on the sales brochure when numerous sources—including Marc, Greene, the local newspaper, and public "buzz"—indicated that the site had been cleaned up. No further inquiry was necessary. The trial court properly denied all three of defendants' motions.

Defendants also argue that the trial court erred by failing to give their requested instruction regarding their duty as sellers' agents. We review a trial court's decision regarding jury instructions for an abuse of discretion. *Hashem v Les Stanford Oldsmobile, Inc*, 266 Mich App 61, 87; 697 NW2d 558 (2005). Defendants' requested instruction was based on facts specific to *McMullen*, 174 Mich App at 212, which were distinguishable from those in this case. Further, the given instruction accurately reflected general caselaw. The trial court did not abuse its discretion by declining to give defendants' requested instruction.

Defendants finally argue that their motion for JNOV should have been granted on the negligent-misrepresentation claim because the jury found plain-

tiffs to be 35 percent at fault. Defendants appear to be essentially asserting an argument premised on the doctrine of contributory negligence, which has long and properly been abandoned in Michigan in favor of comparative fault. *Jimkoski v Shupe*, 282 Mich App 1, 8 n 3; 763 NW2d 1 (2008). The extent of a plaintiff's fault is a question for the jury. *Id*. Indeed, the trial court instructed the jury on comparative negligence at defendants' request. Denial of defendants' motion for JNOV on that basis was appropriate.

On cross-appeal, plaintiffs argue that the trial court erred by instructing the jury on comparative negligence, M Civ JI 11.01, because their negligent-misrepresentation claim does not involve a claim seeking damages for personal injury, property damage, or wrongful death as set out in MCL 600.2959. We review de novo claims of instructional error. *Lewis v LeGrow*, 258 Mich App 175, 211; 670 NW2d 675 (2003). We review for an abuse of discretion a trial court's determination whether a standard jury instruction is applicable and accurate. *Id*. We find the trial court's instruction appropriate.

Plaintiffs rely on *Sweet v Shreve*, 262 Mich 432, 435; 247 NW 711 (1933), in which "a suit brought for the recovery of damages caused plaintiffs as a result of fraudulent representations made by defendants" in a real estate transaction was deemed not to be "one for injuries to person or property." However, *Sweet* addressed which of the then-existing limitations periods applied, and it "was decided consistently with a long line of Michigan cases which applied the six-year period of limitations to fraud actions." *Nat'l Sand, Inc v Nagel Constr, Inc*, 182 Mich App 327, 333; 451 NW2d 618 (1990). Today, the statute of limitations for "injuries to persons or property," MCL 600.5805, "applies to several

causes of action that rarely or never involve physical injury." *Local 1064, RWDSU AFL-CIO v Ernst & Young*, 449 Mich 322, 328; 535 NW2d 187 (1995). *Sweet* discussed which long-repealed statute of limitations an action should be shoehorned into. We doubt it resolves whether a particular claim of damages constitutes one for "personal injury or property damage" for comparative-negligence purposes today.

Indeed, this Court has observed that "what constitutes 'injuries to persons' [includes] 'invasions of rights that inhere in man as a rational being.' " *Nat'l Sand*, 182 Mich App at 335 (citations and some quotation marks omitted) (cited with approval in *Local 1064*, 449 Mich at 328). This is consistent with the modern definition of a "personal injury" as potentially referring to any invasion of a personal right, not only bodily injuries. Black's Law Dictionary (9th ed). Additionally, "comparative negligence should be applied in all common-law tort actions sounding in negligence where the defendant's misconduct falls short of being intentional," *Vining v Detroit*, 162 Mich App 720, 727; 413 NW2d 486 (1987), and "the question is whether, in viewing the evidence most favorably to the defendant, there is sufficient evidence for the jury to find negligence on the part of the injured plaintiff." *Duke v American Olean Tile Co*, 155 Mich App 555, 566; 400 NW2d 677 (1986). Although both these cases predate the Legislature's adoption of MCL 600.2959, we think both remain "good law" and comport with Michigan's public policy of fairly apportioning damages according to each party's fault.

Given plaintiffs' decision not to obtain an environmental inspection and execution of a purchase agreement specifically stating that defendants had no knowledge of the property's environmental conditions, we

conclude that, when the evidence is viewed most favorably to defendants, the jury could have found some comparative fault on the part of plaintiffs with respect to the negligent-misrepresentation claim. The trial court's instruction was proper.

Plaintiffs finally argue that the trial court should have instructed the jury to consider each plaintiff's comparative negligence separately. We disagree. The doctrine of imputed knowledge is applicable to joint ventures, which have been defined as associations to carry out a single business enterprise for a profit. *Kay Investment Co, LLC v Brody Realty No 1, LLC*, 273 Mich App 432, 437; 731 NW2d 777 (2006); *Christy v Prestige Builders, Inc*, 94 Mich App 784, 796; 290 NW2d 395 (1980), rev'd on other grounds 415 Mich 684 (1982). Plaintiffs purchased the condominium at a reduced price as an investment; each contributed money toward the down payment, did not intend to live there, and planned to sell it for profit. Plaintiffs clearly engaged in a joint venture, so it was appropriate to apply the doctrine of imputed knowledge. Therefore, the trial court did not err by declining to instruct the jury to consider each plaintiff's comparative negligence separately.

Affirmed.

MARKEY, P.J., and SERVITTO and RONAYNE KRAUSE, JJ., concurred.