NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a1048n.06

No. 13-1055

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SAM TOCCO,                                                    )
                                                             )
    Plaintiff - Appellant,                                   )
                                                             )
    v.                                                       )
                                                             )  ON APPEAL FROM THE UNITED
RICHMAN GREER PROFESSIONAL                                   )  STATES DISTRICT COURT FOR
ASSOCATION, ET AL.,                                         )  THE EASTERN DISTRICT OF
                                                             )  MICHIGAN
    Defendants - Appellees.                                  )

**FILED**
Dec 26, 2013
DEBORAH S. HUNT, Clerk

BEFORE:    KEITH, GUY, and GIBBONS, Circuit Judges.

    **KEITH, Circuit Judge.** Appellant Sam Anthony Tocco ("Tocco") appeals the district court's grant of summary judgment in favor of attorney John Whittles and the Richman Greer Professional Association (collectively, "Appellees"), which disposed of Tocco's claims for fraudulent misrepresentation, negligent misrepresentation, innocent misrepresentation, and silent fraud. We now **AFFIRM** the ruling of the district court.

## I. BACKGROUND

    The facts are as follows: Tocco met Joseph Zada ("Zada") in the 1990s, and from approximately 1998 until 2008, Tocco gave Zada several million dollars in loans and investments. Zada made periodic payments to Tocco during this time, but began to miss deadlines for payment in 2007. During that same year, Zada informed Tocco that he would not be able to repay Tocco the $4, 797, 541 that he owed until he received an expected inheritance from a Saudi royal.

1

Tocco retained counsel thereafter but did not file suit against Zada. Meanwhile, Zada retained Appellees as counsel and informed them that he was to inherit between $1 billion and $1.5 billion from a member of the Saudi royal family. Zada provided Appellees with documentation supporting his claim. He then asked Appellees to contact his creditors and inform them that he would repay his debts upon receipt of the inheritance. In March 2008, Appellees commenced communications with Tocco regarding Zada's debt. According to Tocco, Appellees made a number of representations to him, over the course of 21 months, that payment of the debt was imminent. Appellees claim, however, that they never assured Tocco that Zada would repay his debt. In the end, Zada had spent his assets by April 2009 and never paid Tocco.

In 2011, Tocco filed suit against Appellees, seeking damages in excess of $28 million, in Wayne County Circuit Court. The case was subsequently removed to the Eastern District of Michigan. Appellees filed a motion for summary judgment on August 1, 2012, which the district court granted on December 17, 2012. *See Tocco v. Richman Greer Prof'l Ass'n*, 912 F. Supp. 2d 494 (E.D. Mich. 2012).

## II. ANALYSIS

### A. *Standard of Review*

We review *de novo* a district court's grant of summary judgment. *ACLU of Ky. v. Grayson Cnty.*, 591 F.3d 837, 843 (6th Cir. 2010). Summary judgment is proper "where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "In considering a motion for summary judgment, we must draw all reasonable inferences in favor of the nonmoving party." *Spees v. James Marine, Inc.*, 617 F.3d 380, 388 (6th

Cir. 2010) (citation omitted). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

B.      *Tocco and Appellees are adverse parties.*

Assuming that Appellees did make assurances to Tocco that Zada would repay his debt as well as other related assurances, a central question before this Court is whether or not Tocco could reasonably rely upon Appellees' representations.

We hold that he could not. A plaintiff's interests are adverse to those of a defendant and his counsel. *See Friedman v. Dozorc*, 312 N.W.2d 585, 591-92 (Mich. 1981). Reasonable reliance by a party upon an attorney's representations cannot exist where the interests of that party are adverse to those of the attorney's client. *See Beaty v. Hertzberg & Golden, P.C.*, 571 N.W.2d 716, 722 (Mich. 1997) ("As is apparent, it is unreasonable for a nonclient to repose confidence and trust in an attorney when any of the interests of the client and the nonclient are adverse."). Indeed, "placement of trust, confidence, and reliance . . . is unreasonable if the interests of the client and nonclient are . . . even *potentially* adverse." *Prentis Family Found. v. Barbara Ann Karmanos Cancer Inst.*, 698 N.W.2d 900, 906 (Mich. Ct. App. 2005)(emphasis added)(citation omitted). Although both *Beaty* and *Prentis* involve claims of breach of fiduciary duty, an allegation not made here, both cases are instructive and are consistent with Michigan authority indicating that reliance on one with interests adverse to one's own is generally unreasonable. In the instant case, Tocco had an interest in having his debt repaid as soon as possible, while Appellees had an interest in helping their client, Zada, delay his repayment of the money owed to Tocco for as long as possible. Tocco

3

therefore could not have reasonably relied upon Appellees' representations as a matter of law, and any of Tocco's claims requiring reasonable reliance upon Appellees must fail.

The second major question before this Court is whether or not Appellees owed Tocco a duty of care. It is well-settled that an attorney does not owe a duty of care to his client's adversary. *See Friedman*, 312 N.W.2d at 590-92. Any claims requiring that Tocco demonstrate a duty of care owed to him by Appellees must also fail.

C.      *Tocco fails to satisfy the elements of a claim for fraudulent misrepresentation.*

Tocco alleges that Appellees fraudulently misrepresented to him, among other things, that Zada would repay him. Fraud must be clearly proven by "'clear, satisfactory and convincing' evidence." *Cooper v. Auto Club Ins. Ass'n*, 751 N.W.2d 443, 451 (Mich. 2008) (internal citations omitted). In order to establish a claim of fraudulent misrepresentation under Michigan law, a plaintiff must prove:

> (1)[t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.

*Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012) (internal citations omitted).

That reliance must occur to sustain a claim for fraud is well-settled in Michigan's courts, as is the requirement that the reliance be reasonable. *See Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 554 (Mich. Ct. App. 1999). Tocco cannot demonstrate reasonable reliance upon Appellees' representations, as discussed, *supra*, and he therefore cannot satisfy the elements of a

4

claim for fraudulent misrepresentation. *See Titan*, 817 N.W.2d at 567-68. The fraudulent misrepresentation claim fails as a matter of law.

D.      *Tocco fails to satisfy the elements of a claim for negligent misrepresentation.*

Under Michigan law, "there is a valid tort cause of action in the nature of negligent misrepresentation arising from a contract for . . . services in favor of a non-contracting damaged third-party whose reliance on the [services] could be foreseen." *Williams v. Polgar*, 215 N.W.2d 149, 158 (Mich. 1974). "The plaintiff . . . must show that privity of contract existed between the plaintiff and the defendant. 'A claim for negligent representation requires plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care.'" *Unibar Maint. Servs, Inc. v. Saigh*, 769 N.W.2d 911, 919 (Mich. Ct. App. 2009) (quoting *Fejedelem v. Kasco*, 711 N.W.2d 436, 437 (Mich. Ct. App. 2006) (internal citation omitted)).

Here, Tocco cannot satisfy the elements of a negligent misrepresentation claim because he cannot prove that Appellees owed him a duty of care. To the contrary, "creation of a duty in favor of an adversary of the attorney's client would create an unacceptable conflict of interest." *Friedman*, 312 N.W.2d at 591. Tocco's negligent misrepresentation claim fails as a matter of law.

E.      *Tocco fails to satisfy the elements of a claim for innocent misrepresentation.*

Tocco also seeks to establish a claim for innocent misrepresentation against Appellees. "A claim of innocent misrepresentation is shown where a party detrimentally relies on a false representation in such a manner that the injury inures to the benefit of the party making the

5

misrepresentation." *Forge v. Smith*, 580 N.W.2d 876, 883 (Mich. 1998). Privity of contract is a prerequisite to a claim of innocent misrepresentation. *Id*.

As discussed, *supra*, Tocco's alleged reliance upon Appellees' representations was unreasonable. Further, there existed no privity of contract between Appellant and Appellees. Appellant alleges that an implied oral agreement existed between himself and Appellees, but as there exists no unique duty or implied contractual relationship between a party and opposing counsel—his adversary—this claim is unavailing. *See Beaty*, 571 N.W.2d at 722-23. Accordingly, Tocco's innocent misrepresentation claim fails as a matter of law.

F.     *Tocco cannot establish a claim for silent fraud.*

"Silent fraud is essentially the same [as fraudulent misrepresentation] except that it is based on a defendant suppressing a material fact that he or she was legally obligated to disclose, rather than making an affirmative misrepresentation." *Alfieri v. Bertorelli*, 813 N.W.2d 772, 775 (Mich. Ct. App. 2012). In order to establish a claim for silent fraud, Appellant must offer clear and convincing evidence of: 1) a pre-existing legal or equitable duty to disclose, *see Hord v. Environmental Research Inst.*, 617 N.W.2d 543, 550 (Mich. 2000); 2) suppression of information with the intent to defraud, *see U.S. Fidelity & Guaranty Co. v. Black*, 313 N.W.2d 77, 87-88 (Mich. 1981); 3) reasonable reliance upon defendant's performance of the duty; and, 4) damages caused by the suppression of the information, *see Groening v. Opsata*, 34 N.W.2d 560, 564-65 (Mich. 1948). With regard to the first element, Tocco cannot establish a duty to disclose on the part of Appellees. *See Alfieri*, 813 N.W.2d at 775. ("Silent fraud and negligent misrepresentation both require a

6

defendant to owe a duty to the plaintiff."). Nor can Tocco establish reasonable reliance. For these reasons, Tocco's silent fraud claim fails.

### III. CONCLUSION

Because Tocco could not reasonably rely upon Appellees, and because Appellees owed him no duty of care, Appellees were entitled to judgment as a matter of law as to all of Tocco's claims. The district court ruled correctly in awarding summary judgment to Appellees. We **AFFIRM**.