*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PLATT LAUNDROMAT, LLC, and
FAKHREDDIN BILBEISI,

UNPUBLISHED
July 30, 2020

Plaintiffs-Appellants,

v

No. 348529
Washtenaw Circuit Court
LC No. 17-000635-CB

DETERGENT SOLUTIONS and MICHAEL
KLINE,

Defendants-Appellees,

and

DEXTER FINANCIAL SERVICES, INC.,

Defendant.

Before: METER, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

Plaintiffs, Platt Laundromat, LLC, and Fakhreddin Bilbeisi, appeal as of right the trial court's order granting summary disposition in favor of defendants, Detergent Solutions and Michael Kline, under MCR 2.116(C)(8) and (10). This appeal has been decided without oral argument pursuant to MCR 7.214(E). We affirm.

## I. BACKGROUND

Bilbeisi was interested in starting a dry-cleaning or laundromat business in a strip mall that he owned and wanted advice on the practicality of doing so. Bilbeisi turned to the Internet in search of that advice, and eventually found Detergent Solutions' website. He used information from that site to contact Kline, an owner and employee of Detergent Solutions. Kline advised Bilbeisi to not open a dry-cleaning facility because dry-cleaning was a highly-regulated industry, and agreed to conduct a study for Bilbeisi on whether a laundromat could be a good fit in Bilbeisi's strip mall. Kline presented Bilbeisi with a demographics report of the area surrounding Bilbeisi's strip mall, created a potential layout for the laundromat, and connected Bilbeisi with Dexter

-1-

Financial Services so that Bilbeisi could purchase the necessary machinery for the laundromat. Bilbeisi formed Platt Laundromat, LLC, and Dexter Financial Services issued Platt Laundromat a promissory note for over $400,000 for laundromat equipment. Kline oversaw the building of the laundromat, but ceased his involvement after the laundromat opened.

After a few months of business, Bilbeisi realized that the laundromat was unable to bring in the profit he thought it would. This led Bilbeisi to stop paying the laundromat's employees and rent, and also stop the payments to Dexter Financial Services. Due to the business's failure, Bilbeisi and Platt Laundromat sued Kline and Detergent Solutions. Plaintiffs' complaint did not identify any specific causes of action, but generally alleged that plaintiffs created the laundromat in reliance on Kline's representations that the laundromat could be successful in the strip mall with the number of machines it had.

Defendants eventually filed a motion for summary disposition under MCR 2.116(C)(8) and (10). Defendants contended that they were entitled to relief under MCR 2.116(C)(8) because plaintiff's complaint was "threadbare and practically incomprehensible," and that assuming plaintiffs were attempting to plead fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation, plaintiffs' complaint failed to set forth facts establishing those claims or plead those claims with sufficient particularity. Defendants also argued that they were entitled to summary disposition under MCR 2.116(C)(10) on those same presumed claims. For plaintiffs' claims of fraudulent inducement and fraudulent misrepresentation, defendants contended that they were entitled to summary disposition because any representations defendants made were mere sales puffing. As for plaintiffs' negligent misrepresentation claim, defendants contended that plaintiffs failed to establish that defendants breached any duty of care to plaintiffs.

In their response, plaintiffs stated that they were asserting claims "for Fraudulent Misrepresentation, and/or Negligent Misrepresentation," and then generally asserted that they could prove each element of those claims.

At a hearing, the trial court asked questions of both parties before eventually granting defendants' motion. For plaintiffs' fraudulent inducement and misrepresentation claim, the trial court explained that the representations that Kline made "would legitimately be categorized as sales puffing," and that "Plaintiffs as business owners of a mall with other tenants would clearly understand some level of risk" so defendants did not "have to say what that risk [was] at the moment . . . ." Addressing plaintiffs' claim for negligent misrepresentation, the trial court reasoned that Bilbeisi testified "that the Defendant[s] fulfilled all of [their] obligations per the parties' agreement," so there was no basis to conclude that defendants breached a duty owed to plaintiffs.

Plaintiffs now appeal.

## II. STANDARD OF REVIEW

Appellate courts review de novo a trial court's grant of summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). The trial court granted summary disposition to defendants under MCR 2.116(C)(8) and (10). In *Maiden v Rozwood*, 461

Mich 109, 119-120; 597 NW2d 817 (1999), our Supreme Court explained the process for reviewing a motion filed under MCR 2.116(C)(8):

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. at 163. When deciding a motion brought under this section, a court considers only the pleadings. MCR 2.116(G)(5).

For a motion under MCR 2.116(C)(10), the *Maiden* Court explained the review as follows:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden*, 461 Mich at 120.]

A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. ANALYSIS

Before addressing the substance of plaintiffs' claims on appeal, we note that plaintiffs' brief on appeal is so inadequate that it amounts to an abandonment of the entire appeal. Nowhere in the brief do plaintiffs cite the record, nor do plaintiffs point to any binding caselaw to support the assertions they make. The issues that plaintiffs seek relief on are whether the trial court erred by granting summary disposition under MCR 2.116(C)(8) and (10), but plaintiffs never cite to their complaint to explain how it states claims upon which relief could be granted, nor do they point to what evidence in the record created a genuine issue of material fact such that those claims should survive a (C)(10) motion. Instead, plaintiffs make legal conclusions about what the evidence will show without reference to the record, and then contend that those unsupported assertions warrant reversal. It is well established that "[i]t is not enough for an appellant to simply announce a position or assert an error in his or her brief and then leave it up to this Court to discover and rationalize the basis for the claims, or unravel and elaborate the appellant's arguments, and then search for authority either to sustain or reject the appellant's position." *DeGeorge v Warheit*, 276 Mich App 587, 594-595; 741 NW2d 384 (2007). In light of plaintiffs' failure to adequately develop their arguments, cite to the record to support their claims, and cite binding legal authority to sustain their positions, they have abandoned their appeal.

Because plaintiffs abandoned their appeal, we need not address the substance of the trial court's opinion, but we do so for the sake of thoroughness.

## A. FRAUDULENT INDUCEMENT OR MISREPRESENTATION

To establish a claim of fraudulent inducement or misrepresentation, plaintiffs are required to prove "(1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury." *Roberts v Saffell*, 280 Mich App 397, 403; 760 NW2d 715 (2008). See also *Custom Data Solutions, Inc v Preferred Capital, Inc*, 274 Mich App 239, 243; 733 NW2d 102 (2006). "An action for fraudulent misrepresentation must be predicated upon a statement of past or existing fact." *Marrero v McDonnell Douglas Capital Corp*, 200 Mich App 438, 444; 505 NW2d 275 (1993).

As relevant to their claims of fraud, plaintiffs in their complaint stated:

> 19. The Plaintiffs herein relied upon DETERGRNT [sic] SOLUTIONS, and MICHAEL KLINE'S misrepresentations and untrue statements of fact, when they entered into the contract for their purchase of Dexter Laundromat Equipment using DEXTER FINANCIAL SERVICES, INC., a Defendant herein,[1] as directed by them, and said misrepresentations were and are the direct and proximate cause of the monetary damages the Plaintiffs herein have suffered from January 7, 2016, the date the contract was signed to the present, and continue into the future.

> * * *

> 21. DETERGENT SOLUTIONS, and MICHAEL KLINE, the Defendants herein, made misrepresentations to the Plaintiffs herein knowing the same to be untrue regarding the benefits of a laundromat for the Plaintiffs herein location, which induced the Plaintiffs herein to enter into the contract for the purchase [of] $401,110 of said Dexter Laundromat Equipment using DEXTER FINANCIAL SERVICES, INC., the other Defendant herein, to provide the money for said purchases . . . .

> * * *

> 24. DETERGENT SOLUTIONS, and MICHAEL KLINE, Defendants herein, fraudulently induced the Plaintiffs herein prior to signing the contract to enter into the contract for the Dexter Laundromat Equipment, and financing thereof . . . by making material false statements of fact intending the Plaintiffs to rely thereon without knowledge of their falsity, and the Plaintiffs' reliance thereon has caused the Plaintiffs' continuing damage.

---

[1] Plaintiffs originally named Dexter Financial Services as a defendant, but their action against them was dismissed for reasons unrelated to this case, hence why they are not a party to this appeal.

"Fraud claims must be pleaded with particularity, addressing each element of the tort." *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 229-230; 859 NW2d 723 (2014). See also MCR 2.112(B)(1) ("In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity."). Paragraphs 19 and 24 do not contain any factual allegations and instead merely recite legal conclusions to support plaintiffs' claims. Such pleadings need not be taken as true for purposes of MCR 2.116(C)(8), and are therefore insufficient to survive a motion for summary disposition under that rule. Accord *Davis v City of Detroit*, 269 Mich App 376, 379 n 1; 711 NW2d 462 (2005) ("Plaintiff's reliance on her allegation in her complaint that the city was engaged in a proprietary activity is unwarranted because only factual allegations, not legal conclusions, are to be taken as true under MCR 2.116(C)(7) and (8)."). In ¶ 20, plaintiffs allege that defendant made statements about "the benefits of a laundromat for the Plaintiffs herein location." Assuming that this allegation is sufficiently particular to survive the pleading requirements for fraud, it still does not state a claim upon which relief can be granted because it alleges that Kline made inaccurate statements about future events (the success of a laundromat at the selected location), which is not a misrepresentation of existing or past facts necessary to support a claim of fraud. See *Cummins v Robinson Twp*, 283 Mich App 677, 695; 770 NW2d 421 (2009) ("At most, plaintiffs allege that defendants made intentional, inaccurate statements regarding the law or stated opinions about future events (repair costs), which were not misrepresentations of existing or past facts necessary to support a claim of fraud. So plaintiffs' complaint fails to state a claim for which relief can be granted."). Plaintiffs' complaint does not otherwise state with particularity each element of their fraud claims. Therefore, their complaint fails to state a claim for either fraudulent inducement of fraudulent misrepresentation. MCR 2.116(C)(8)

These same claims fail under MCR 2.116(C)(10). At the hearing in the trial court, plaintiffs made clear that their "chief complaint is the laundromat's location." That continues to be their main complaint on appeal—that they built the laundromat where they did based on Kline's representations that the laundromat would flourish in the selected location. But, again, even if Kline made representations about the success of the laundromat at the selected location, those statements were about future events, not existing or past facts, and so do not support plaintiffs' claims of fraud. See *Cummins*, 283 Mich App at 695.

For whatever reason, plaintiffs do not mention as a basis for their claims for fraud that Bilbeisi testified that Kline promised him that the laundromat would earn $24,000 per month. "It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999). Even if we consider this testimony of Bilbeisi, we conclude that it is not sufficient to save plaintiffs' fraud claims. First, it is unclear the contours of Kline's promise. While Bilbeisi indeed testified that Kline "promised" that the laundromat would earn $24,000 per month, he never specified what Kline actually said or when Kline made this "promise." Second, when questioned at his deposition further about Kline's promise that the laundromat would make $24,000 per month, Bilbeisi conceded that he did not actually follow all of Kline's recommendations for operating the laundromat. Lastly, Bilbeisi testified that the $24,000 per month "promise" was based on "turns" of his washing machines, but did not provide any further details. In plaintiffs' response to defendants' motion for summary disposition, plaintiffs asserted that Kline "represented by text message directed to the Plaintiffs herein that in the laundromat industry the machines

average 3.5 turns per day, and that his guess in Ann Arbor the turns per machine could be as high as 4 to 5 turns per day, and he wouldn't be surprised if said machines would be as high 9 or 10 turns per day." Yet, for whatever reason, plaintiffs never produced those text messages, so we are unable to discern what Kline actually represented. In sum, viewing this evidence in the light most favorable to plaintiffs, we can only conclude that Kline promised Bilbeisi that the laundromat would make $24,000 per month, but cannot determine anything about the circumstances surrounding that promise.

In light of the limitedness of this evidence, we agree with the trial court that a reasonable juror could only conclude that Kline's representation was sales puffing. In *Van Tassel v McDonald Corp*, 159 Mich App 745, 750; 407 NW2d 6 (1987), this Court stated, "An action for fraud may not be predicated upon the expression of an opinion or salesmen's talk in promoting a sale, referred to as puffing." Thirty years before *Van Tassel*, our Supreme Court explained:

> [W]e are here in the realm of what the common law has for years termed "puffing," a salesman's praise of his own property, involving matters of estimate or judgment upon which reasonable men may differ. Ordinarily these are not regarded as actionable, even though the vendee's joys of realization fall short of those of his anticipation. The reason for this lies in the realities of commercial intercourse. As Judge Learned Hand put it in *Vulcan Metals Co v Simmons Mfg Co*, 248 F 853, 856 (CA 2, 1918):
>
> > There are some kinds of talk which no sensible man takes seriously, and if he does he suffers from his credulity. If we were all scrupulously honest, it would not be so; but, as it is, neither party usually believes what the seller says about his own opinions, and each knows it. Such statements, like the claims of campaign managers before election, are rather designed to allay the suspicion which would attend their absence than to be understood as having any relation to objective truth.
>
> [*Hayes Const Co v Silverthorn*, 343 Mich 421, 426; 72 NW2d 190 (1955).]

Kline's representation that the laundromat would earn $24,000 per month was Kline's opinion, which he made for purposes of promoting the product he was selling. That plaintiffs' realization fell short of Kline's promotion is a "realit[y] of commercial intercourse." *Id*. Because a claim of fraud cannot be predicated on a salesman's "puffing," we conclude that Kline's representation that the laundromat would make $24,000 per month was not actionable fraud.

## B. NEGLIGENT MISREPRESENTATION

"A claim for negligent misrepresentation requires plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Alfieri v Bertorelli*, 295 Mich App 189, 194; 813 NW2d 772 (2012). Thus, a claim for negligent misrepresentation "require[s] a defendant to owe a duty to the plaintiff." *Id*.

In support of their claim for negligent misrepresentation, plaintiffs stated in their complaint:

> 22.. ln the alternative DETERGENT SOLUTIONS, and MICHAEL KLINE, Defendants herein, did not use reasonable care in regard to their representations of fact made to the Plaintiffs herein that did lead the Plaintiffs herein to enter into the contract to purchase and finance the laundromat equipment, and the Plaintiffs herein were and are the victims of the Defendants' herein 'negligent misrepresentations'.

Clearly, ¶ 22 does not state what duty defendants owed plaintiffs, and plaintiffs failed to otherwise specify the duty that defendants owed plaintiffs elsewhere in their complaint. Thus, plaintiffs failed to state a claim for negligent misrepresentation, and summary disposition was properly granted under MCR 2.116(C)(8).

Defendants were also entitled to summary disposition on plaintiffs' negligent misrepresentation claim under MCR 2.116(C)(10). Defendants asserted in the trial court that "Plaintiff[s] cannot establish that Defendant[s] breached any duty of care owed to Plaintiff[s]," and pointed to Bilbeisi's testimony that defendants performed all of their obligations under the parties' agreement. In response, plaintiff failed to identify any duty that defendants owed plaintiffs, or to provide record evidence tending to establish a question of fact whether defendants owed plaintiffs a duty. Thus, plaintiffs failed to establish whether defendants owed plaintiffs a duty, so summary disposition to defendants on plaintiffs' negligent misrepresentation claim was proper. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (explaining that a moving party is entitled to summary disposition if they can "demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim").

Affirmed.

/s/ Patrick M. Meter
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien