*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MD HOLDINGS, LLC, JOHN ALESI, JEREMY STEINER, and EVERWORKS, INC.,

      Plaintiffs-Appellants/Cross-Appellees,

v

R. L. DEPPMANN COMPANY,

      Defendant-Appellee/Cross-Appellant,

and

LEE & ASSOCIATES OF MICHIGAN, LLC, and LARRY KELLY,

      Defendants.

UNPUBLISHED
October 27, 2022

No. 357462
Oakland Circuit Court
LC No. 2020-181300-CB

Before: RONAYNE KRAUSE, P.J., and JANSEN and MURRAY, JJ.

RONAYNE KRAUSE, P.J. *(concurring in part and dissenting in part).*

I fully join in the majority's resolution of plaintiffs' breach-of-contract claim and of defendant's cross-appeal. I also concur with the outcome of the majority's disposition of plaintiffs' civil conspiracy claim, albeit for different reasons. I agree that plaintiffs have no viable claim for common-law fraudulent misrepresentation or silent fraud. However, I respectfully disagree that summary disposition was proper as to plaintiffs' claims for innocent misrepresentation and negligent misrepresentation.

The majority concludes that all of the misrepresentations alleged by plaintiffs occurred before the execution of the purchase agreement. If that were true, I would join with the majority in its entirety. However, as the majority recognizes, plaintiffs actually alleged that all of the alleged misrepresentations occurred before *closing*. Specifically, plaintiffs alleged that defendant executed an "Owner's Affidavit" *after* the execution of the purchase agreement and during

plaintiffs' due-diligence period.[1]  The affidavit, a copy of which plaintiffs attached to their response to defendant's motion for summary disposition, provided in relevant part:

> Affiant makes the representations contained herein to induce the purchaser and/or lender to consummate the transaction referenced in commitment, to obtain the proceeds of the sale or loan, and to induce First American Title Insurance Company ("First American") to issue a policy(s) of title insurance insuring title to the land . . . The undersigned, being first duly sworn on oath, deposes, states and warrants as follows:
>
> * * *
>
> That the use of the Property is in compliance with all terms, conditions, covenants and/or restrictions affecting the Property created in a plat of the Property or in any other document, recorded or unrecorded, and there are currently no violations of any terms, conditions, covenants and/or restrictions affecting the property.

Consistent with that affidavit, plaintiffs alleged in their complaint that defendant represented the property to be "ordinance-compliant."  Any such statement would appear to have been wrong, to plaintiffs' detriment.

Common-law fraudulent misrepresentation requires, in relevant part, that a defendant knew a representation was false at the time it was made, or that the defendant made the representation recklessly. *M&D, Inc v WB McConkey*, 231 Mich App 22, 27; 585 NW2d 33 (1998).  I agree with the majority that there is no evidence defendant knew, or had reason to suspect, the City of Southfield would be troubled by the premises modifications.  Therefore, defendant cannot have committed common-law fraudulent misrepresentation.  "Silent fraud is essentially the same except that it is based on a defendant suppressing a material fact that he or she was legally obligated to disclose, rather than making an affirmative misrepresentation." *Alfieri v Bertorelli*, 295 Mich App 189, 193; 813 NW2d 772 (2012).  Because defendant did not know the statement was untrue and because it made an affirmative statement instead of suppressing a fact, defendant also cannot have committed silent fraud.

However, "[a] claim of innocent misrepresentation is shown if a party detrimentally relies upon a false representation in such a manner that the injury suffered by that party inures to the benefit of the party who made the representation." *M&D, Inc*, 231 Mich App at 27.  "A claim for negligent misrepresentation requires plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Unibar Maintenance Services, Inc v Saigh*, 283 Mich App 609, 621; 769 NW2d 991 (2009)

---

[1] The Owner's Affidavit appears to be dated the same day as the covenant deed, which, although it is difficult to imagine the contents of the affidavit were not communicated to plaintiffs well in advance of closing, calls into question whether plaintiffs can prove they actually relied on the Owner's Affidavit.  Nevertheless, given the explicit representation in the Owner's Affidavit that it was intended, *inter alia*, to induce plaintiffs to consummate the transaction, that would be a material fact question to be resolved in the trial court.

(quotation omitted). In other words, neither innocent misrepresentation nor negligent misrepresentation turn on whether a defendant was aware that a statement was untrue. Innocent misrepresentation turns on whether a plaintiff relied on an untrue statement, to the detriment of the plaintiff and the benefit of the defendant. Negligent misrepresentation is similar, but the plaintiff's reliance must have been reasonable, and the defendant need not have benefitted but must have owed a duty of care to the plaintiff. This Court has recently held that an "as-is" clause in a contract precludes a claim for innocent misrepresentation. *Coosard v Tarrant*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357950), slip op at pp 7-8. Because a claim for negligent misrepresentation requires reliance to be reasonable, I presume (although I do not need to decide) an "as-is" clause would also preclude a claim for negligent misrepresentation. However, critically, the alleged misrepresentation was made *after* the execution of the purchase agreement and during plaintiffs' due-diligence period.[2]

I wholeheartedly agree with defendant that plaintiff had an obligation to conduct its own due diligence. Nevertheless, plaintiffs assert that defendant executed the Owner's Affidavit specifically to serve as a substitute for at least some of that due diligence and as an inducement for plaintiffs to follow through on the purchase. The reasonableness of a purchaser's pre-purchase investigations will depend in part on context. *Coosard*, ___ Mich App at ___, slip op at p 8. Therefore, if it had been obvious that *unpermitted* modifications had been made to the premises or that the City of Southfield would be concerned about allowing occupancy of the premises, then there cannot have been any fraud. See *id*. at ___, slip op at p 8. However, although the majority accurately observes that, in theory, "plaintiffs could have obtained the 1980 site plan from the city to discover any discrepancies," the record suggests that any discrepancies as to the parking lot would not have been readily apparent unless one already knew they were present, and in any event, any such discrepancies would not necessarily indicate that the changes were unpermitted.

Importantly, at a summary disposition stage of the proceedings, the non-moving party does not need to be able to prove its case outright. *Durant v Stahlin*, 375 Mich 628, 645-647; 135 NW2d 392 (1965) (SOURIS, J.); *Morales v Auto-Owners Ins Co*, 458 Mich 288, 304; 582 NW2d 776 (1998). Plaintiffs have alleged that they relied on an independent misrepresentation made by defendant after the execution of the purchase agreement, to their detriment and to defendant's gain, and that reliance was minimally not unreasonable. Therefore, I conclude that summary disposition is inappropriate as to plaintiffs' claims for innocent misrepresentation and negligent misrepresentation.

A civil conspiracy claim requires concerted action by at least two people to do something unlawful or to use unlawful means to accomplish something. *Cousineau v Ford Motor Co*, 140 Mich App 19, 37- 38; 363 NW2d 721 (1985). Because I disagree with the majority that plaintiffs have no viable claims, I disagree with the majority's basis for affirming the dismissal of plaintiffs'

---

[2] The majority states that the Owner's Affidavit was provided for the purpose of obtaining title insurance, as required by the purchase agreement. However, as quoted above, the Owner's Affidavit expressly states that its purposes also included inducing plaintiffs to consummate the transaction. Furthermore, even presuming it was required by the purchase agreement, it was nevertheless made separately from, and later than, the purchase agreement.

civil conspiracy claim.  However, selling property is not typically unlawful, and because defendant did not know that its alleged statement in the Owner's Affidavit was false, I cannot imagine how defendant could possibly have intended to sell the property via unlawful means.  Furthermore, it is not clear with whom defendant could have engaged in any relevant "concerted action." Therefore, I concur with the majority that plaintiffs' civil conspiracy claim was properly dismissed.

I would reverse the trial court's dismissal of plaintiff's innocent misrepresentation and negligent misrepresentation claims, and I would remand for further proceedings.

/s/ Amy Ronayne Krause